E-filing

1  ANDREW K. JACOBSON (CSBN 148583)
   BAY OAK LAW
2  180 Grand Ave Ste 700
   Oakland, California 94612
3  Telephone: (510) 208-5500
   Facsimile:  (510) 208-5511
4
   Counsel for Defendant
5  Jennifer Ehee

6

7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10
    **KEVIN BRADFORD (INDIVIDUALLY AND AS**   **Case No.** C07-04747
11  **TRUSTEE FOR THE MACKENZIE**
    **BRADFORD TRUST, THE MADISON**           **NOTICE OF REMOVAL OF ACTION**
12  **BRADFORD TRUST, THE GAGE BRADFORD**     **UNDER 28 U.S.C. §§ 1334 AND 1452**
    **TRUST AND THE MORGAN BRADFORD**
13  **TRUST) AND RICHARD GARMAN,**

14  **PLAINTIFFS,**

15  **V.**

16  **EDWARD SEWON EHEE; VIPER CAPITAL**
    **MANAGEMENT, LLC; COMPASS FUND**
17  **MANAGEMENT, LLC; ROBERT EHEE;**
    **ALBERT EHEE; JENNIFER EHEE, AND**
18  **DOES 1-20,**

19    **DEFENDANTS.**

20  TO THE CLERK OF THE UNITED STATES DISTRICT COURT,

21  NORTHERN DISTRICT OF CALIFORNIA:

22      PLEASE TAKE NOTICE THAT defendant Jennifer Ehee hereby removes to this

23  Court the state court action described below.

24      1.    On May 1, 2007, plaintiffs Keven Bradford (individually and as trustee for

25           the Mackenzie Bradford Trust, the Madison Bradford Trust, the Gage

26           Bradford Trust and the Morgan Bradford Trust) and Richard Garman filed

                                    -1-

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1334 AND 1452**

1    an action entitled *Bradford and Garman v. Ehee, et al.*, in the City and

2    County of San Francisco, Case No. CGC-07-462966. A true copy of the

3    Complaint is attached as Exhibit A.

4    2.    The first date that defendant Jennifer Ehee received a copy of the *Bradford*

5    *and Garman v. Ehee, et al.* complaint was August 19, 2007, when she was

6    served with a copy of the complaint and summons from the San Francisco

7    Superior Court. A copy of the Summons is attached as Exhibit "B."

8    3.    The *Bradford and Garman v. Ehee, et al.* case is a civil action over which

9    this Court has jurisdiction as it is related to an existing involuntary

10    bankruptcy case consolidated with other cases, specifically 03:06-CV-

11    06966-SI, 3:06-CV-07270-SI, 3:07-CV-02507-SI, 3:07-CV-02508-SI, 3:07-

12    CV-02509-SI, and 03:07-CV-03996. The existing involuntary bankruptcy

13    case against Edward Ehee, Jennifer Ehee's husband (and co-defendant in

14    the *Bradford and Garman v. Ehee, et al.* case) involves the community

15    assets of the marriage of Edward and Jennifer Ehee.

16    4.    Removal is proper under 28 U.S.C. §§ 1334 and 1452.

17    Date: September 13, 2007                **BAY OAK LAW FIRM, APLC**

18

19

20    By: _____

21    ANDREW K. JACOBSON
      Counsel for Defendant Jennifer Ehee

22

23

24

25

26

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## EXHIBIT A
## (BRADFORD V. EHEE COMPLAINT)

-3-

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 0 1 2007

GORDON PARK-LI, Clerk
JUN P. PANELO
BY Deputy Clerk

1    James A. Lico, State Bar No. 169017
     jlico@kirkland.com
2    Eliot A. Adelson, State Bar No. 205284
     eadelson@kirkland.com
3    KIRKLAND & ELLIS LLP
     555 California Street
4    San Francisco, California 94104
     Telephone:    (415) 439-1400
5    Facsimile:    (415) 439-1500

6    Attorneys for Plaintiffs

7

CASE MANAGEMENT CONFERENCE SET

SEP 2 8 2007 -9ᵃᵐ AM

DEPARTMENT 212

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN FRANCISCO

10                       UNLIMITED JURISDICTION

11

12   KEVIN BRADFORD (individually and as      Case No.  C G C -07 -462966
     trustee for the Mackenzie Bradford Trust,
13   the Madison Bradford Trust, the Gage      COMPLAINT
     Bradford Trust and the Morgan Bradford
14   Trust) and RICHARD GARMAN,               1.    Violation of Cal. Corp. Code §§ 25400
                                                    and 25500;
15              Plaintiffs,                   2.    Violation of Cal. Corp. Code §§ 25401
                                                    and 25501;
16        v.                                  3.    Breach of Written Contract;
                                              4.    Unjust Enrichment;
17   EDWARD SEWON EHEE, VIPER                 5.    Breach of Fiduciary Duty;
     CAPITAL MANAGEMENT, LLC;                 6.    Fraud and Deceit;
18   COMPASS FUND MANAGEMENT,                 7.    Negligent Misrepresentation;
     LLC, ROBERT EHEE, ALBERT EHEE,          8.    Conspiracy;
19   JENNIFER EHEE and DOES 1-20.             9.    Conversion;
                                              10.   Fraudulent Conveyance , Cal. Civ.
20              Defendants.                         Code § 3439.04;
                                              11.   Constructive Fraudulent Conveyance,
21                                                  Cal. Civ. Code § 3439.04;
                                              12.   Constructive Fraudulent Conveyance,
22                                                  Cal. Civ. Code § 3439.05;
                                              13.   Violation of Cal. Bus. & Prof. Code §
23                                                  17200 et seq.;
                                              14.   Constructive Trust;
24                                            15.   Common Count for Money Had and
                                                   Received; and
25                                            16.   Common Count for Account Stated

26                                                 [DEMAND FOR JURY TRIAL]

27

28
     11572409.1                            -1-

                                    COMPLAINT
                                 DEMAND FOR JURY TRIAL

1    Plaintiffs allege, on personal knowledge as to themselves, and on the basis of information

2    and belief and the investigation of counsel:

3    Defendant Edward Sewon Ehee ("Ehee") and his companies, Defendants Viper Capital

4    Management, LLC and Compass Fund Management, LLC defrauded plaintiffs Richard Garman

5    and Kevin Bradford and misappropriated the monies they entrusted to Ehee's management. Ehee,

6    through Viper Capital Management LLC and Compass Fund Management LLC, represented that

7    funds entrusted to his management would be invested in securities, according to his "market

8    neutral" strategy. Ehee represented that his "market neutral" trading strategy would deliver

9    consistently impressive rates of return, and provided Plaintiffs with written representations

10   purporting to show that their accounts were increasing in value. But in late 2006, when Plaintiffs

11   asked Ehee first for the status of their accounts, and then for their money, Ehee first offered

12   excuses, and then failed to return their funds on demand. Ehee, instead, had taken plaintiffs'

13   money, used it for personal purposes, transferred it to family members, or used it in an effort to

14   stave off other investors. Plaintiffs lost some $4 million in Ehee's scheme.

15   **I.   THE PARTIES**

16   1.    Plaintiff Richard Garman is an individual who is a citizen and resident of

17   California.

18   2.    Plaintiff Kevin Bradford is an individual and resident of Arizona. Plaintiff

19   Bradford is also trustee for investment accounts established for each of his four minor children,

20   Mackenzie, Madison, Gage and Morgan.

21   3.    Defendant Edward Sewon Ehee is an individual and, upon information and belief,

22   a citizen and resident of California.

23   4.    Defendant Viper Capital Management, LLC ("Viper") is, upon information and

24   belief, a Nevada limited liability company with its principal place of business in San Francisco,

25   California. Ehee is the sole member of Viper. He controls Viper and his acts are attributable to

26   the entity.

27   5.    Defendant Compass Fund Management, LLC ("Compass") is, upon information

28   11572409.1                                         - 2 -

1    and belief, a Nevada limited liability company with its principal place of business in San

2    Francisco, California. Ehee is the sole member of Compass. He controls Compass and his acts

3    are attributable to the entity.

4    **II. FACTS**

5    6.       This action arises out of a investment scam created by Defendant Edward Ehee

6    and carried out through Viper Management and Compass Management. The Securities and

7.   Exchange Commission has commenced a civil fraud action against Ehee, Viper and Compass

8    substantially alleging the scheme used against Plaintiffs here. A copy of the SEC's complaint

9    against Ehee is attached to this Complaint as Exhibit A.

10   7.       Ehee raised money from several investors, including Garman and Bradford,

11   purportedly for the purpose of investment in one or more of his hedge funds. Ehee told Bradford

12   and Garman that the hedge funds would invest in stocks and other publicly traded securities.

13   Plaintiffs are informed and believe, and thereon allege, that rather than investing in stock and

14   other securities, Ehee used funds collected from some investors to facilitate transfers to other

15   "investors," to convert the money for personal use, and to transfer the money to family members.

16   8.       Plaintiffs are informed and believe, and thereon allege, that, in order to hide this

17   fraud, Ehee created fictitious and fraudulent account statements and other financial statements

18   reflecting millions of dollars in fund assets that did not exist. Ehee sent investors, including

19   Bradford and Garman, account statements showing positive account balances and positive rates of

20   return, even after the funds were defunct, and even though their money was not being invested as

21   Edward Ehee, Viper and Compass had represented.

22   **A. Ehee Creates The Viper Fund**

23   9.       Ehee opened a private pooled investment fund, a "hedge fund," in 1993. That

24   fund, which was first formed as Global Capital Partners, L.P., was renamed Viper Founders Fund,

25   L.P. in or before June, 2000.

26   10.      Under the terms of the Viper Fund limited partnership agreement, the Viper Fund

27   terminated in 2002 and ceased being a limited partnership under the laws of Illinois on

28   11572409.1                                          - 3 -

1   December 31, 2002. The Viper Fund has not held any brokerage accounts since at least January

2   1, 2003.

3       11.     Although the Viper Fund was essentially defunct, Ehee and Viper Management

4   did not inform Bradford or Garman that the fund had terminated, nor did Ehee or Viper

5   Management return money invested the in Viper Fund.

6       12.     Instead, Ehee and Viper Management created false and misleading account

7   summaries, giving investors in the Viper Fund and Bradford the impression that funds were and

8   remained invested according to Ehee's representations, secure, and generating positive returns.

9   Ehee and Viper continued to issue these false statements as late as August 2006, though the Viper

10   Fund had long since ceased to exist.

11       13.     Today, the Viper Fund holds no bank or brokerage accounts and all the money in it

12   has been lost or misappropriated.

13               **B. Ehee Creates The Compass West Fund**

14       14.     In August 2003, Ehee created another hedge fund, the Compass West Fund, LP (or

15   "Compass West"). Ehee told Garman that Compass West was separate from the Viper Fund.

16       15.     The Compass West offering memorandum stated that the fund would employ

17   "market neutral trading" and "systematic equity trading" strategies. The offering memorandum

18   limited the fees the fund would pay: a fee of 1% of assets under management per year; certain

19   third party fund administrator fees; fund organizational costs and offering expenses; other bona

20   fide fund operational costs; and an incentive payment for profits achieved. Plaintiffs are informed

21   and believe that Ehee raised more than $4 million to be invested in this fund.

22               **C. Ehee Induces Bradford to Invest in Viper**

23       16.     Through false and misleading statements, Ehee induced his neighbor, plaintiff

24   Bradford, to invest more than $2.5 million in total in the Viper Fund on behalf of himself and his

25   children. Ehee and Viper provided Bradford with documents, including a private placement

26   memorandum, and information containing false and misleading statements about Viper and

27   Viper's activities. Among other things, these statements purportedly showed the methods by

28   11572409.1                                    - 4 -

1   which Viper invested and its historical performance. Defendants made these false and misleading

2   statements to induce Bradford to invest in Viper.

3       17.   Relying on these false representations, Bradford invested with Ehee more than

4   $2.1 million for his own account, $132,000 for the account of the Mackenzie Bradford Trust,

5   $102,000 for the account of the Madison Bradford Trust, $82,000 for the account of the Gage

6   Bradford Trust, and $82,000 for the account of the Morgan Bradford Trust. As of June 30, 2006,

7   Defendant Edward Ehee represented to Plaintiff Bradford that there was a capital balance (net of

8   distributions) of $2.331 million in his personal accounts ($1,029,000 of which was in his IRA

9   account), $120,121,76 in the Mackenzie Bradford Trust, $95,639.35 in the Madison Bradford

10  Trust account, $82,844.92 in the Gage Bradford Trust account, and $82,844.92 in the Morgan

11  Bradford Trust account. But when Bradford sought the return of this money in November, 2006,

12  an agent of Ehee's told Bradford the money was gone.

13  **D. Ehee Induces Garman to Invest in Compass West**

14      18.   Through false and misleading statements, Defendant Edward Ehee enticed Garman

15  to invest $1.5 million in the Compass West Fund. Defendants Ehee and Compass provided

16  Garman with documents, including a private placement memorandum, and information that

17  contained false and misleading statements about Defendants and Compass West Fund. Among

18  other things, these statements purportedly showed the method by which the Compass West Fund

19  invested and its historical performance. Defendants made these false and misleading statements

20  to induce Garman to invest in Compass West Fund. Relying upon these false and misleading

21  statements, Garman invested $500,000 with Ehee in the third quarter of 2003, and an additional

22  $1 million in October 2004.

23      19.   Throughout the time that Garman had money invested with Ehee and Compass,

24  those defendants provided Garman with false and misleading "statements" purportedly showing

25  how well his investments and the Fund were performing. Defendants provided Garman with a

26  statement representing that, as of December 31, 2005, he had a capital account balance of $1.65

27  million. Plaintiffs are informed and believe, and thereon allege, that contrary to Defendants'

28  11572409.1                                           - 5 -

1   representations, Garman's investments had been diverted to purposes other than those allowed

2   under the investment agreements.

3        20.   Plaintiffs are informed and believe, and thereon allege, that the money that

4   Garman invested in the Compass West Fund was not invested as Ehee and Compass represented.

5   Instead, those Defendants misappropriated the funds for their own use.  On November 1, 2006,

6   after repeatedly requesting information regarding the current status of his account from Ehee and

7   Compass, Garman requested the return of his capital balance.  Ehee, through Compass, refused

8   this request as Compass purportedly did not have the funds available to disburse.  Defendants

9   have failed to return Garman's account balance and informed Garman not to expect a redemption.

10  **E. Ehee, Viper, Compass and Ehee's Family Members Are Sued by the SEC**

11       21.   Shortly thereafter, the SEC filed a civil suit against Ehee and the other defendants

12  for their actions related to Viper Management and Compass Management.  The SEC's complaint

13  alleges that Ehee sent investors account statements falsely showing positive investment

14  performance, used money raised from new investors to pay off old investors (in a classic "Ponzi

15  scheme") and created bogus financial statements reflecting millions of dollars in fund assets that

16  did not exist.  The SEC's complaint further alleges that Ehee improperly transferred tens of

17  thousands of dollars to his family members Robert Ehee, Albert Ehee, and Jennifer Ehee.  The

18  SEC seeks disgorgement of the "ill gotten gains" they have obtained from Edward Ehee's

19  scheme.

20  **FIRST COUNT - Against Edward Ehee, Viper and Compass West**

21  **(Violation of Cal. Corp. Code §§ 25400 and 25500 -- Unlawful acts or**

22  **misrepresentations to induce purchase or sale of securities)**

23       22.   Plaintiffs incorporate the allegations contained in paragraphs 1 through 21,

24  inclusive, as though the same were set forth in full herein.

25       23.   Defendants sold or offered for sale interests in Viper and Compass West

26  investment funds to be managed by Ehee.

27       24.   For the purpose of inducing plaintiffs to purchase these securities, Ehee, Viper and

28  11572409.1                               - 6 -

1    Compass represented that the monies invested in these funds would be maintained in separate and

2    identifiable funds, that those funds would be invested employing a market neutral trading

3    strategy, that the investors' monies would be used only for investment purposes or to pay

4    specifically identified, legitimate operating expenses of the funds, and that plaintiffs would

5    receive account statements accurately reflecting their interest in the monies in these funds.  These

6    statements were, at the time and in the light of the circumstances under which they were made,

7    false or misleading with respect to material facts, or omitted to state material facts necessary in

8    order to make the statements made, in the light of the circumstances under which they were made,

9    not misleading, and Defendants knew or had reasonable ground to believe were so false or

10   misleading.  Edward Ehee, Viper and Compass failed to disclose that:  the Viper funds had

11   expired by the end of 2002 and did not maintain their own brokerage or bank accounts; that Ehee

12   was failing to follow his "market neutral" investment strategy; that Ehee was commingling funds

13   invested in Viper and Compass West, as well as distributing funds invested in Compass West to

14   Viper investors without the knowledge of either; that Ehee was improperly misappropriating

15   funds from Viper and Compass West for distribution to himself and to members of his family.

16          25.    By reason of the foregoing, Defendants have directly or indirectly violated

17   California Corporations Code § 25400 and 25500.

18          26.    As a direct and proximate result of Defendants' actions, Plaintiffs have been

19   damaged.  Garman has suffered money damages of approximately $1.7 million.  Bradford and his

20   childrens' trusts have suffered money damages of approximately $ 2.7 million.

21            **SECOND COUNT - Against Edward Ehee, Viper and Compass West**

22         **(Violation of Cal. Corp. Code §§ 25401 and 25501 -- Sale of securities by means of**

23              **written or oral communications containing false statements or omissions)**

24          27.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 26,

25   inclusive, as though the same were set forth in full herein.

26          28.    Defendants offered or sold a security in California by means of any written or oral

27   communication that included an untrue statement of a material fact or omitted a material fact

28   necessary in order to make the statements made, in the light of the circumstances under which
11572409.1                                          - 7 -

1    they were made, not misleading. Defendants represented through the private placement

2    memoranda issued by Ehee through Viper and Compass that plaintiffs' funds would be used to

3    purchase and sell securities in a "market neutral" strategy, and that their account statements

4    would accurately reflect the funds in their individual accounts. This was false; Defendants did

5    not use Plaintiffs' funds as represented and instead commingled the funds of various investors

6    and used investors' funds for purposes unapproved by the offering memoranda.

7        29.    In reliance on Defendants false statements or material omissions, Bradford and

8    Garman agreed to invest funds in Viper Fund and Compass West Fund as stated above.

9        30.    By reason of the foregoing, Defendants have directly or indirectly violated

10   California Corporations Code § 25401 and 25501.

11        31.    As a direct and proximate result of Defendants' actions, Plaintiffs have been

12   damaged. Garman has suffered money damages of approximately $1.7 million. Bradford and his

13   childrens' trusts have suffered money damages of approximately $ 2.7 million.

14       **THIRD COUNT - Against Defendants Viper Management and Compass West**

15                        **(Breach of Written Contract)**

16        32.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 31,

17   inclusive, as though the same were set forth in full herein.

18        33.    Garman and Compass Fund Management, LLC were and are parties to a

19   Subscription Agreement, pursuant to which Garman delivered funds to Compass in exchange for

20   investment services as represented in the Compass Subscription Agreement. Bradford and Viper

21   were and are parties to a Subscription Agreement, pursuant to which Bradford delivered funds to

22   Compass in exchange for investment services as represented in the Viper Subscription Agreement

23        34.    Garman invested $1.5 million with Defendants in Compass pursuant to, among

24   other things, the Compass Subscription Agreement. Bradford invested $2.5 million in Viper

25   pursuant to, among other things, the Viper Subscription Agreement.

26        35.    Compass and Viper have materially breached their contractual obligations with

27   Garman and Bradford by, among other things, failing to invest their funds as represented and

28   failing to return the monies paid by Plaintiffs to Defendants upon Plaintiffs' demand.

11572409.1              - 8 -

1     36.     Plaintiffs have fully performed their obligations under their respective

2     Subscription Agreements.

3     37.     As a direct and proximate cause of Defendants' breaches, Garman has sustained

4     damages of approximately $1.7 million, and Bradford and his childrens' trusts have sustained

5     damages of approximately $2.7 million.

6                    **FOURTH COUNT - Against All Defendants**

7                            **(Unjust Enrichment)**

8     38.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 37,

9     inclusive, as though the same were set forth in full herein.

10    39.     Plaintiffs provided funds to Defendants for the purpose of investing for their

11    benefit. Instead of investing such funds, Defendants misappropriated the funds for other uses.

12    40.     Defendants have received and continued to receive the benefit of Plaintiffs'

13    monies by failing to return monies due and owing to Plaintiffs and/or have failed to perform their

14    contractual obligations to Plaintiffs to the detriment of Plaintiffs.

15    41.     Plaintiffs have made demand on Defendants for return of the monies entrusted to

16    Defendants.

17    42.     Despite this demand, Plaintiffs have not received the monies that are rightfully

18    owed and due to Plaintiffs.

19    43.     By virtue of the Defendants' failure and refusal to return the monies due,

20    Defendants unjustly retain the monies and benefits deriving therefrom, against fundamental

21    principles of equity and justice.

22          **FIFTH COUNT - Against Edward Ehee, Viper and Compass West**

23                        **(Breach of Fiduciary Duty)**

24    44.     Plaintiffs incorporate the allegations of paragraphs 1 through 43, inclusive, as

25    though the same were set forth in full herein.

26    45.     Through his control over the Viper Fund and the Compass West Fund, Edward

27    Ehee held himself out as being responsible for directing, managing, and controlling Bradford's

28    investments in the Viper Funds and Garman's investments in the Compass West Fund. Bradford

11572409.1                                    - 9 -

1    and Garman agreed to give Defendants authority, power, and discretion to manage their

2    investments, to make all decisions regarding those matters, and to perform any and all other acts

3    or activities customary or incident to the prudent management of those investments.

4        46.    As a result, Defendants assumed a position of trust and confidence with respect to

5    Bradford and Garman and owed each of them a duty of care and loyalty in faithfully managing

6    their investments.

7        47.    Plaintiffs reasonably relied upon Defendants to perform their managerial duties in

8    good faith, in a manner they reasonably believed to be in the best interests of investors in the

9    Viper and Compass West Funds, and with such care as an ordinary prudent investment manager

10   would use under similar circumstances.

11       48.    Defendants breached their fiduciary duties by failing to manage and invest the

12   funds as represented, failing to return the funds to plaintiffs upon demand, and to the extent

13   Defendants have redirected, dissipated, removed or otherwise lost some or all of Plaintiffs'

14   investment by unlawfully converting and misappropriating Plaintiffs' investments.

15       49.    Plaintiffs are informed and believed and thereon allege that the aforementioned

16   conduct by Defendants was done with a conscious disregard of their rights or with the intent to

17   injure them, such as to constitute oppression, fraud or malice.  Such conduct entitles Bradford and

18   Garman to exemplary and punitive damages in an amount appropriate to punish or set an example

19   of Defendants and to deter such conduct in the future, the amount of which will be proved at trial.

20       50.    As a direct and proximate result of Defendants' breaches of fiduciary duty,

21   Bradford and Garman have been deprived of the benefit, and as a result, suffered and continues to

22   suffer damages and other harm in excess of $1.7 million and $2.7 million, respectively.

23            **SIXTH COUNT - Against Edward Ehee, Viper and Compass**

24                    **(Fraud and Deceit)**

25       51.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

26   through 50, inclusive, as though the same were set forth in full herein.

27       52.    Defendants knowingly and intentionally misrepresented material facts, and

28   intentionally failed to disclose its unlawful actions in connection with Plaintiffs' investments in

11572409.1                                - 10 -

1   the Viper and Compass funds, as detailed above, and incorporated here by reference.

2       53.     Defendants' conduct was knowing, intentional, willful and malicious.

3       54.     Defendants knew at the time they made these misrepresentations that their

4   representations to Plaintiffs were false or misleading, and/or were in reckless disregard as to their

5   truth or falsity.

6       55.     Defendants made these misrepresentations and omissions intending that Plaintiffs

7   would rely upon them in connection with making Plaintiffs' investments in the Viper and

8   Compass Funds.

9       56.     Plaintiffs reasonably believed and justifiably relied upon Defendants' false

10  statements, and acted upon them to their detriment by delivering funds to Defendants to be

11  invested as represented.

12      57.     As a direct and proximate result of Defendants' fraudulent misrepresentations and

13  omissions, Plaintiffs have sustained damages of approximately $4.4 million.

14      58.     Plaintiffs are informed and believe and based thereon allege that the

15  aforementioned conduct by Defendants was done with a conscious disregard for Plaintiffs' rights

16  or with the intent to injure them, such as to constitute oppression, fraud or malice. Such conduct

17  entitles Plaintiffs to exemplary and punitive damages in an amount appropriate to punish or set an

18  example of Defendants and to deter such conduct in the future, the amount of which will be

19  proved at trial.

20              **SEVENTH COUNT - Against Edward Ehee, Viper and Compass West**

21                          **(Negligent Misrepresentation)**

22      59.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1

23  through 58, inclusive, as though the same were set forth in full herein.

24      60.     Through the acts and omissions described above, Defendants, in the course of their

25  business, misrepresented material facts and failed to disclose their unlawful actions in connection

26  with Plaintiffs' investments, as detailed above and incorporated here by reference.

27      61.     Defendants knew or should have known that their representations to Plaintiffs

28  were materially false and misleading and failed to exercise reasonable care to competence in

11572409.1                                      - 11 -

1 | obtaining or communicating the information conveyed to Plaintiffs and Bradford.

2 |     62.    Plaintiffs reasonably and justifiably relied upon Defendants' misrepresentations

3 | and invested more than $3.9 million with Defendants, which Defendants represented had grown,

4 | net of distributions, to approximately $4.4 million by 2006.

5 |     63.    As a direct and proximate result of Defendants' negligent misrepresentations,

6 | Plaintiffs have sustained actual damages in excess of $4.4 million.

7 | **EIGHTH COUNT - Against All Defendants**

8 | **(Conspiracy)**

9 |     64.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 63,

10 | inclusive, as though the same were set forth in full herein.

11 |     65.    Defendants willfully, knowingly and intentionally participated in a scheme or

12 | conspiracy, and/or aided and abetted fraud in that they misrepresented material facts, and

13 | intentionally failed to disclose their unlawful actions in connection with Bradford's and Garman's

14 | investments, as detailed above, and incorporated herein by reference.

15 |     66.    Defendants conspired to make such material representations and/or omissions to

16 | Bradford and Garman with the intent to defraud Plaintiffs and deprive them of their investments.

17 |     67.    Defendants have conspired with a common purpose to defraud Plaintiffs of the

18 | funds they invested in Compass and Viper, to make material and knowing misrepresentations

19 | and/or omissions, and to unlawfully convert and misappropriate monies belonging to Plaintiffs.

20 |     68.    Defendants have conspired together to unlawfully control, manage, convert and

21 | misappropriate Plaintiffs' investment funds.

22 |     69.    As a direct and proximate result of Defendants' conspiracy to commit fraud and

23 | convert and misappropriate Plaintiffs' monies for their use, Plaintiffs have sustained actual

24 | damages of approximately $4.4 million.

25 |     70.    Plaintiffs are informed and believe and thereon allege that the aforementioned

26 | conduct by Defendants was done with a conscious disregard for their rights or with the intent to

27 | injure them, such as to constitute oppression, fraud or malice.  Such conduct entitles Plaintiffs to

28 | exemplary and punitive damages in an amount appropriate to punish or set an example of

11572409.1

- 12 -

1  Defendants and to deter such conduct in the future, the amount of which will be proved at trial.

2  **NINTH COUNT - Against All Defendants**

3  **(Conversion)**

4  71.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

5  through 70, inclusive, as though the same were set forth in full herein.

6  72.    Defendants Edward Ehee, Viper and Compass West were entrusted with

7  substantial monies of Bradford and Garman for the purpose of investment in the Viper and

8  Compass West Funds.

9  73.    Bradford and Garman have an ownership or possessory interest in these sums, and

10  Defendants, by failing to return to those amounts upon demand, have intentionally and

11  wrongfully exercised dominion and control over these monies and deprived Bradford and Garman

12  of their control, dominion and ownership of these monies.

13  74.    Bradford and Garman have a right to recover immediate possession of all

14  converted sums from Defendants, jointly and severally, or from any other person who claims

15  possession thereof.

16  75.    Defendant Edward Ehee, Viper and Compass West, acting in concert, took such

17  actions in an intentional and outrageous manner intended to exploit Bradford's and Garman's

18  trust in them.

19  76.    As a direct and proximate cause of these conversations, Plaintiffs have suffered

20  damages in the amounts converted.

21  77.    Plaintiffs are informed and believe and thereon allege that the aforementioned

22  conduct by Defendants was done with a conscious disregard for their rights or with the intent to

23  injure them, such as to constitute oppression, fraud or malice.  Such conduct entitles Plaintiffs to

24  an award of exemplary and punitive damages in an amount appropriate to punish or set an

25  example of Defendants and to deter such conduct in the future, the amount of which will be

26  provided at trial.

27

28
11572409.1

- 13 -

1
2

### TENTH COUNT - Against All Defendants

**(Fraudulent Conveyance under the UFTA, Cal. Civ. Code § 3439.04)**

3    78.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

4    through 77, inclusive, as though the same were set forth in full herein.

5    79.    The Defendant Edward Ehee transferred funds of Viper and Compass to

6    Defendants Albert, Robert and Jennifer Ehee with the actual intent to hinder, delay, or defraud the

7    creditors of Viper and Compass. Defendants made these transfers to or for their personal benefit

8    in furtherance of their fraudulent investment scheme.

9    80.    The transfers were not made in exchange for reasonably equivalent value and in

10    bad faith. Plaintiffs are informed and believe, and thereon allege, that some of the recipients had

11    knowledge of the fraud or acted in bad faith in receiving the funds transferred.

12    81.    As a result of the foregoing, Plaintiffs are entitled to a judgment pursuant to Cal.

13    Civ. Code §§ 3439.04 and 3439.07 (a) avoiding the transfers, (b) directing that they be set aside,

14    (c) recovering such transfers from the Defendants to the extent necessary to satisfy Plaintiffs'

15    claims, or (d) recovering the transfers to distribute, *pro rata*, the recovered sums to all defrauded

16    investors.

17

### ELEVENTH COUNT - Against All Defendants

18    **(Constructive Fraudulent Conveyance under the UFTA, Cal.Civ.Code § 3439.04)**

19    82.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

20    through 81, inclusive, as though the same were set forth in full herein.

21    83.    At the time Edward Ehee made transfers of funds to Defendants Albert, Robert

22    and Jennifer Ehee, Defendants Viper and Compass were insolvent, undercapitalized or nearly

23    insolvent, or intended to incur, or reasonably should have believed that they would incur, debts

24    beyond their ability to pay as the debts matured.

25    84.    These transfers were not made in exchange for reasonably equivalent value and

26    were not made in good faith.

27    85.    As a result of the foregoing, Plaintiffs are entitled to a judgment pursuant to Cal.

28    Civ. Code §§ 3439.04 and 3439.07 (a) avoiding the transfers, (b) directing that the transfers be set

11572409.1                                                       - 14 -

1    aside, (c) recovering such transfers from the Defendants to the extent necessary to satisfy

2    Plaintiffs' claims, or (d) recovering such transfers to distribute, *pro rata*, the recovered sums to all

3    defrauded investors.

4                                      **TWELFTH COUNT**

5    **(Constructive Fraudulent Conveyance under the UFTA, Cal. Civ. Code § 3439.05)**

6        86.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

7    through 85, inclusive, as though the same were set forth in full herein.

8        87.    The Defendant Edward Ehee transferred funds of Viper and Compass to

9    Defendants Albert, Robert and Jennifer Ehee with the actual intent to hinder, delay, or defraud the

10   creditors of Viper and Compass. Defendants made these transfers to or for their personal benefit

11   in furtherance of their fraudulent investment scheme.

12       88.    These transfers were not made in exchange for reasonably equivalent value and

13   were not made in good faith.

14       89.    As a result of the foregoing, Plaintiffs are entitled to a judgment pursuant to Cal.

15   Civ. Code §§ 3439.05 and 3439.07 (a) avoiding the transfers, (b) directing that the transfers be set

16   aside, (c) recovering such transfers from the Defendants to the extent necessary to satisfy

17   Plaintiffs' claims, and/or (d) under the Court's equitable powers, recovering such transfers to

18   fairly distribute, *pro rata*, the recovered transfers to all defrauded investors.

19               **THIRTEENTH COUNT – Against Edward Ehee, Viper, and Compass West**

20                    **(Violation of Cal. Bus. & Prof. Code § 17200 et seq.)**

21       90.    Plaintiffs incorporate the allegations of paragraphs 1 through 89, inclusive, as

22   though set forth in full herein.

23       91.    At all relevant times, Defendants were engaged in the conduct of trade or

24   commerce within the meaning of Cal. Bus. & Prof. Code §17200, *et seq.*

25       92.    As set forth above, Defendants converted Plaintiffs' funds for their own use,

26   provided false and misleading information concerning the funds, or have otherwise redirected,

27   dissipated, removed or lost Plaintiffs' funds in breach of the representations made to Bradford and

28   Garman and the position of trust Defendants undertook with respect to the monies entrusted to

11572409.1                                      - 15 -

1    them.

2    93.    Defendants' conduct is immoral, unethical, oppressive, fraudulent and

3    unscrupulous, and offended public policy and established concepts of fairness, thereby

4    constituting unlawful, unfair and fraudulent business acts.

5    94.    As a result of Defendants' conduct, Plaintiffs have sustained substantial injury and

6    ascertainable loss of money to be proved at trial. Plaintiffs, pursuant to Cal. Bus. & Prof. Code §

7    17203, *et seq.*, seek an order of this Court compelling Defendants to provide restitution and to

8    disgorge the monies collected by Defendants as a result of their unfair business practices in the

9    sum of not less than $4.4 million, and for punitive damages and injunctive relief calling on

10    Defendants to cease such unfair and fraudulent business practices in the future.

11    **FOURTEENTH COUNT - Against Edward Ehee, Viper and Compass West**

12    **(Constructive Trust)**

13    95.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

14    through 94, inclusive, as though the same were set forth in full herein.

15    96.    Defendants were entrusted with substantial monies invested by Plaintiffs for the

16    purpose of investing in the Viper and Compass West Funds.

17    97.    By virtue of Defendants wrongful acts, they hold the converted funds, in the

18    amount of at least $3.9 million in constructive trust for the benefit of Plaintiffs.

19    **FIFTEENTH COUNT - Against Edward Ehee, Viper and Compass West**

20    **(Common Count for Money Had and Received)**

21    98.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

22    through 97, inclusive, as though the same were set forth in full herein.

23    99.    Defendants were entrusted with the net sum of $3.2 million by Plaintiffs for the

24    purpose of investing in the Viper and Compass West Funds.

25    100.    Defendants failed to invest the Plaintiffs' funds as represented.

26    101.    Plaintiffs demanded return of the $3.2 million had and received by Defendants.

27    102.    Defendants have failed to return the $3.2 million as demanded.

28    11572409.1                                    - 16 -

**SIXTEENTH COUNT - Against Edward Ehee, Viper and Compass West**

**(Common Count for Account Stated)**

103.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 102, inclusive, as though the same were set forth in full herein.

104.    Defendants sent Plaintiffs regular statements of account stating the amounts of money held for their benefit in each account.

105.    Defendants Ehee and Viper represented to Bradford that as of June 30, 2006 there was a capital balance (net of distributions) of more than $2.7 million in the Bradford accounts, with $2.331 million in the personal accounts of Kevin Bradford ($1,029,000 of which in his IRA account), $120,121.76 in the Mackenzie Bradford Trust, $95,639.35 in the Madison Bradford Trust account, $82,844.92 in the Gage Bradford Trust account, and $82,844.92 in the Morgan Bradford Trust account.

106.    Defendants Ehee and Compass represented to Garman that as of December 31, 2005 there was a capital balance of $1,650,422 in Garman's account.

107.    Plaintiffs demanded return of the amounts stated on the account statements provided by Defendants, totaling $4,362,872.95.

108.    Defendants failed to return the amounts as demanded.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.    For compensatory damages according to proof;

2.    For injunctive relief, enjoining Defendants from acts of unfair competition, ordering Defendants to preserve the *status quo* by freezing Defendants' assets, prohibiting the destruction of documents and data, and providing for notice of the order to the Defendants' affiliates, employees, agents and other third-parties who may be holding assets or documents subject to the order;

3.    For the assets of Defendants to be held in a constructive trust for the benefit of Plaintiff;

11572409.1

- 17 -

4.    For an accounting of the amount of investment assets and funds that are due to Plaintiff;

5.    For an order setting aside the fraudulent or constructively fraudulent transfers and recovering such amounts from the Defendants to the extent necessary to satisfy Plaintiff's claims;

6.    For an order setting aside the fraudulent or constructively fraudulent transfers and recovering such amounts and, under its equitable powers, fairly distributing the recovery, *pro rata*, to all defrauded investors;

7.    For rescission;

8.    For disgorgement and injunctive relief, pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.,* ordering Defendants to restore to Plaintiffs all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent, or to constitute unfair competition;

9.    For Plaintiffs' costs and attorneys' fees pursuant to Cal .Bus. & Prof. Code § 17200 *et seq.*;

10.    For rescission of the agreements between Plaintiffs and Defendants and that all amounts provided by Plaintiffs to Defendants be returned as restitution;

11.    For money damages as set forth above.

12.    For prejudgment interest on all damages;

13.    For past and future costs of suit;

14.    For attorneys' fees reasonably incurred;

15.    For exemplary and punitive damages in an amount appropriate to punish or set an example of said Defendants, and to deter such conduct in the future;

16.    For a declaration that Defendants have wrongfully taken money from Plaintiff for their own personal use; and

11572409.1

- 18 -

1    17.    For such other and further relief as this Court deems just and equitable.

2

Dated: May 1, 2007                                    Respectfully submitted,

3

                                                      Kirkland & Ellis LLP

4

5

                                            By:

6                                                 James A. Lico
                                                  Eliot A. Adelson
7                                                 Attorneys for Plaintiffs
                                                  Kevin Bradford and Richard Garman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
11572409.1                          - 19 -

COMPLAINT
DEMAND FOR JURY TRIAL

EXHIBIT A

COPY

1 | HELANE L. MORRISON (Cal. Bar No. 127752)
   | JOHN S. YUN (Cal. Bar No. 112260)
2 | yunj@sec.gov
   | ROBERT S. LEACH (Cal. Bar No. 196191)
3 | leachr@sec.gov
   | XAVIER CARLOS VASQUEZ (Cal. Bar No. 194644)
4 | vasquezc@sec.gov
   | Attorneys for Plaintiff
5 | SECURITIES AND EXCHANGE COMMISSION
   | 44 Montgomery Street, Suite 2600     **E-Filing**
6 | San Francisco, California 94104
   | Telephone: (415) 705-2500
7 | Facsimile: (415) 705-2501

**SI**

8 |                          UNITED STATES DISTRICT COURT

9 |                        NORTHERN DISTRICT OF CALIFORNIA

10 |                          SAN FRANCISCO DIVISION

11 |

| | |
|---|---|
| 12  SECURITIES AND EXCHANGE COMMISSION, | Case No. _____ |
| 13           Plaintiff, | |
| 14      vs. | COMPLAINT |
| 15  VIPER CAPITAL MANAGEMENT, LLC, | DEMAND FOR JURY TRAIL |
|     COMPASS FUND MANAGEMENT, LLC, and | |
| 16  EDWARD SEWON EHEE, | |
| 17           Defendants, | |
| 18      and | |
| 19  COMPASS WEST FUND, LP, VIPER FOUNDERS | |
|     FUND, LP, VIPER INVESTMENTS, L.P., ALBERT | |
| 20  EHEE, ROBERT EHEE, and JENNIFER EHEE, | |
| 21           Relief Defendants. | |

22 |

23 | Plaintiff Securities and Exchange Commission ("Commission") alleges:

24 |                          **SUMMARY OF THE ACTION**

25 |     1.     From 2004 through at least August 2006, defendants Edward Ehee and his

26 | management companies, Compass Fund Management, LLC and Viper Capital Management, LLC,

27 | misused and misappropriated millions of dollars from San Francisco-based hedge funds they

28 | controlled. Ehee raised over $5 million from approximately 18 investors, including several senior

1    citizens, purportedly for investments in hedge funds he had established. Rather than investing in the

2    funds, he used money raised from new investors to pay off old investors, while converting much of

3    the money to personal use, transferring it to family members and spending it on cars, vacations, and

4    mortgage payments. In order to conceal his fraud and induce further investments, Ehee created bogus

5    financial statements reflecting millions of dollars in fund assets that did not exist, and sent investors

6    account statements showing positive returns long after the funds had ceased operations. Today,

7    Ehee's hedge funds have little, if any, remaining assets.

8        2.    By making material misstatements and omissions in the offer and sale of securities and

9    to investment advisory clients, by misusing and misappropriating fund assets, and by making false

10   statements in a document filed with the Commission, Ehee, Compass Fund Management, LLC, and

11   Viper Capital Management, LLC violated numerous provisions of the federal securities laws. The

12   Commission seeks an injunction against future conduct that violates the securities laws, disgorgement

13   of ill-gotten gains, and civil money penalties as well as preliminary and emergency relief to protect

14   investors. The Commission further seeks disgorgement of all investor funds disbursed to the relief

15   defendants.

16                                **JURISDICTION**

17       3.    The Commission brings this action pursuant to Sections 20(b) and 20(d) of the

18   Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77t(d)], Sections 21(d) and 21(e)

19   of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d) and 78u(e)]; and

20   Sections 209 and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9

21   and 80b-14]. This Court has jurisdiction over this action pursuant to Sections 20(d)(1) and 22(a) of

22   the Securities Act [15 U.S.C. §§ 77t(d)(1) and 77v(a)], Sections 21(d)(3), 21(e), and 27 of the

23   Exchange Act [15 U.S.C. §§ 78u(d)(3), 78u(e), and 78aa], and Sections 209 and 214 of the Advisers

24   Act [15 U.S.C. §§ 80b-9 and 80b-14]. Defendants, directly or indirectly, have made use of the means

25   and instrumentalities of interstate commerce or of the mails in connection with the acts, transactions,

26   practices, and courses of business alleged in this complaint.

27       4.    Venue in this District is proper pursuant to Section 22(a) of the Securities Act

28   [15 U.S.C. § 77v(a)], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and Section 214 of the

1  Advisers Act [15 U.S.C. § 80b-14] because a substantial portion of the conduct alleged in this

2  complaint occurred within the Northern District of California.

3       5.    Assignment to the San Francisco Division of this Court is proper because a substantial

4  part of the events or omissions that give rise to the claim occurred in San Francisco county.  The

5  defendants maintained their principal business offices in San Francisco and the bank accounts

6  through which assets were misused and misappropriated are based in San Francisco.

7  **DEFENDANTS**

8       6.    Defendant Viper Capital Management, LLC ("Viper Management") (formerly Viper

9  Holdings, LLC) was formed as a limited liability company in the state of Nevada with its principal

10  place of business in San Francisco, California.  Ehee is the sole member of Viper Management.  He

11  controls Viper Management and his acts are attributable to the entity.

12       7.    Defendant Compass Fund Management, LLC ("Compass Management") was formed

13  as a limited liability company in the state of Nevada with its principal place of business in San

14  Francisco, California.  Ehee is the sole member of Compass Management.  Compass Management

15  was registered with the Commission as an investment adviser between 2004 and March 2006.  Ehee

16  controls Compass Management and his acts are attributable to the entity.

17       8.    Defendant Edward Sewon Ehee is a resident of Oakland, California.  From 1989 to

18  1992, Ehee was a sales associate with Kidder, Peabody & Co., Inc., a broker-dealer in securities.

19  Ehee has held Series 7 and 63 licenses from the National Association of Securities Dealers to sell

20  securities since 1990.

21  **RELIEF DEFENDANTS**

22       9.    Compass West Fund, LP ("Compass West") is named as a defendant in this action

23  solely for the purpose of ensuring complete relief.  Compass West is a Nevada limited partnership

24  with its principal place of business in San Francisco, California.  Compass Management is the general

25  partner of Compass West.

26       10.    Viper Founders Fund, LP ("Viper Fund") is named as a defendant in this action solely

27  for the purpose of ensuring complete relief.  The Viper Fund was an Illinois limited partnership with

28  offices in San Francisco, California.  Although the Viper Fund registered as an Illinois limited

-3-

1 | partnership in 1993, its registration expired on December 31, 2002. On March 28, 2006, Ehee filed
2 | new partnership registration papers for the Viper Fund with Illinois, but withdrew them in September
3 | 2006. Ehee was initially the general partner of the Viper Fund. Viper Management also purported to
4 | be the general partner of the Viper Fund.

5 | 11.     Viper Investments, L.P. ("Viper Investments") is named as a defendant in this action
6 | solely for the purposes of ensuring complete relief. Viper Investments is a California limited
7 | partnership formed by Ehee with its principal place of business in San Francisco, California.

8 | 12.     The following individuals are named in this action solely for the purposes of ensuring
9 | complete relief: (1) Albert Ehee, a resident of Oakland, California and father of Edward Ehee, (2)
10 | Robert Ehee, a resident of Princeton, New Jersey and brother of Edward Ehee, and (3) Jennifer Ehee,
11 | a resident of Oakland, California and wife of Edward Ehee.

12 | ## FACTUAL ALLEGATIONS

13 | ### Ehee Creates the Viper Fund

14 | 13.     In 1993, Ehee opened a private pooled investment fund, known as a hedge fund, and
15 | began soliciting investors. That fund (first incorporated as Global Capital Partners, L.P.) was
16 | renamed Viper Founders Fund, LP by June 2000.

17 | 14.     In August 1999, Ehee persuaded his neighbor, Kevin Bradford, to invest $406,000 in
18 | the Viper Fund (through Viper Investments). After the investment appeared to perform well,
19 | between August 2000 and August 2004, Ehee signed agreements to "manage and personally
20 | guarantee . . . investment programs" for a fee on behalf of Bradford and trusts controlled by him for
21 | his children. Bradford (on his own behalf and on behalf of his family trusts) entrusted Ehee to
22 | manage more than $2 million – all of which was invested, directly or indirectly, in the Viper Fund.

23 | 15.     Under the terms of the fund's limited partnership agreement, the Viper Fund
24 | terminated in 2002 and ceased being a limited partnership under the laws of Illinois on December 31,
25 | 2002. The Viper Fund has not held any brokerage accounts since at least January 1, 2003. Although
26 | the fund still had a number of investors (including Bradford), Ehee did not inform investors that the
27 | fund had terminated or return their money. To the contrary, Ehee and Viper Management provided
28 | investors with sporadic account summaries that falsely confirmed their investments were secure and

1  continuing to generate positive returns. As late as August 2006, Ehee and Viper Management sent

2  false account statements showing the Viper Fund was performing well, although it had long since

3  ceased to exist.

4      16.    Although the Viper Fund was essentially defunct, Ehee and Viper Management

5  continued to accept investments for it (including from Bradford). For example, in late 2002, Ehee

6  obtained an investment of $100,000 from Betty Ferrero, who was a 62-year-old retiree at the time and

7  entrusted her life savings with Ehee and liquidated her individual retirement account to fund the

8  investment. Ehee did not advise either Bradford or Ferrero that the Viper Fund was defunct and held

9  no brokerage accounts.

10      17.    Today, the Viper Fund holds no bank or brokerage accounts. Ehee admitted that the

11  Viper Fund has maintained no brokerage accounts since at least January 1, 2003. The money in the

12  Viper Fund has been lost or misappropriated.

13      18.    Ehee and Viper Management owed fiduciary duties to the funds they advised. To the

14  extent the Viper Fund (or any other fund Ehee advised) may have ceased to exist, Ehee and Viper

15  Management owed fiduciary duties directly to the investors who gave them funds with the

16  expectation they would be invested in the Viper Fund.

17                              **Ehee Creates Compass West**

18      19.    In August 2003, Ehee created Compass West Fund, LP ("Compass West"). Ehee told

19  at least one investor, Richard Garman, that Compass West had no connection to the Viper Fund.

20  Ehee told at least one other investor, AAG Roosevelt Fund, L.P. ("AAG"), the exact opposite — that

21  Compass West invested all of its funds in the Viper Fund. However, Ehee did not inform AAG that

22  the Viper Fund was defunct.

23      20.    The Compass West offering memorandum stated that the fund would employ a

24  "market neutral trading" and "systematic equity trading" strategies. The offering memorandum

25  limited the fees the fund would pay: a fee of 1% of assets under management per year; certain third

26  party fund administrator fees; fund organizational costs and offering expenses; other bona fide fund

27  operational costs; and an incentive allocation if profits were achieved. Ehee appears to have raised

28  more than $4 million in Compass West form at least six investors.

1              **Ehee Raises over $1 Million Using Forged Audit Opinion Letters**
2                            **and False Financial Statements**

3      21.    In or about January 2006, AAG, one of the Compass West investors, asked Ehee for
4   audited financial statements for the Viper Fund (the fund that AAG had been told by Ehee held
5   substantially all of the Compass West assets). On or about January 23, 2006, Ehee provided AAG
6   with Viper Fund financial statements. Those statements reported that the Viper Fund had assets as of
7   December 31, 2004 of approximately $18.6 million and total returns for the year of over 10%. The
8   financial statements included a "Report of Independent Accountants" purportedly issued by a
9   Chicago-based accounting firm. The report stated that the firm had audited the Viper Fund financial
10  statements and had determined that they present fairly and in all material respects the financial
11  position of the Viper Fund. Relying in part on the opinion letter and financial statements provided by
12  Ehee, AAG invested another $1.15 million in Compass West: $200,000 in February 2006 and
13  $950,000 in May 2006.

14     22.    In fact, the financial statements and audit opinion letter were wholly fabricated by
15  Ehee. As of December 31, 2004, the Viper Fund was essentially defunct and had no brokerage
16  accounts. Moreover, the Chicago accounting firm mentioned in the Viper Fund financial statements
17  never conducted an audit of the Viper Fund and the audit opinion letter for that fund was a complete
18  fabrication.

19     23.    AAG also asked Ehee for audited financial statements for Compass West for the year
20  ended December 31, 2005. In May 2006, Ehee told AAG that the audit was underway and would be
21  completed soon. On or about June 27, 2006, Ehee forwarded financial statements for Compass West
22  to AAG's outside auditors, who forwarded those statements to AAG. Those statements reported total
23  fund assets as of December 31, 2005 of approximately $3.8 million for Compass West and total
24  returns of approximately 3.5%. According to the financial statements, substantially all of Compass
25  West's assets were invested in the Viper Fund. The Compass West financial statements also included
26  financial statements for the Viper Fund. Those statements reported total fund assets as of December
27  31, 2005 of approximately $16.9 million for the Viper Fund and total returns of approximately
28  3.75%. The Viper Fund financial statements included a "Report of Independent Accountants"

1 | purportedly issued by the same Chicago accounting firm that purportedly issued the 2004 report. The
2 | report stated that the firm had audited the Viper Fund financial statements and had determined that
3 | they present fairly and in all material respects the financial position of the Viper Fund.

4 |     24.    These documents and statements too were completely fabricated. There was no audit
5 | of the Viper Fund. The reported assets of the Viper Fund were not simply overstated, the fund was
6 | essentially defunct and had no brokerage accounts. The firm that purportedly had opined on the
7 | financial statements had done no audit work for the Viper Fund. Finally, although Ehee maintained a
8 | number of brokerage accounts for Compass-related funds, combined those accounts totaled only $4.3
9 | million as of December 31, 2005. Those accounts now hold only minimal assets.

10 | **Defendants Misuse and Misappropriate Investor Funds**

11 |     25.    Ehee, Compass Management, and Viper Management also misappropriated significant
12 | investor assets. For example, on February 27, 2006, AAG, the investor to whom Ehee had given the
13 | false Viper Fund financial statements, deposited $200,000 in the Compass West bank account (which
14 | had a negative balance of $3,966) for an investment in Compass West. That same day, Ehee (who
15 | controlled bank accounts for Compass West and Compass Management) transferred $150,000 from
16 | the Compass West bank account to the Compass Management bank account followed by an
17 | additional $45,900 over the next two weeks. Ehee then used the Compass Management bank account
18 | to make a $10,000 interest payment to another investor, pay a $25,400 American Express bill, pay
19 | $3,500 to Ehee's father (Albert Ehee), withdraw $1,500 in cash from ATMs, and transfer $36,000 to
20 | Ehee's personal bank account. Ehee also used the Compass Management bank account to make a
21 | $75,000 payment to Bradford, a Viper Fund investor. None of the funds transferred by AAG to
22 | Compass West on or about February 27, 2006 appear to have been invested in any brokerage account
23 | maintained by the Compass or Viper entities.

24 |     26.    AAG also made a $950,000 investment in Compass West on or about May 30, 2006.
25 | On or about that same day, Ehee transferred $543,000 to an earlier investor in the fund and
26 | transferred $100,000 to the Compass Management account, with an additional transfer of $50,000 to
27 | Compass Management on or about three days later. Ehee then used the Compass Management bank
28 | account to, among other things, pay $25,000 to his wife (Jennifer Ehee), pay $11,500 on a mortgage,

1  and pay for a trip to Las Vegas. Earlier that month, Ehee had used the same account to make
2  payments to Porsche and Toyota. None of the funds transferred by AAG to Compass West on or
3  about May 30, 2006 appear to have been invested in any brokerage account maintained by the
4  Compass or Viper entities.

5     27.    The above transfers of fund assets were not isolated events. Between July 2004 and
6  July 2006, Ehee transferred over $3.1 million from the Compass West bank account to the Compass
7  Management account he controlled.

8               **Ehee and Compass Management File a False Report with the Commission**

9     28.    On August 15, 2005, Compass Management filed with the Commission a Form ADV
10  – a disclosure statement registered investment advisers must file describing their investment advisory
11  business – signed by Ehee, that stated that Compass West "will be audited annually, and the audited
12  financial statements prepared in accordance with Generally Accepted Accounting Principles, will be
13  distributed to all beneficial owners within 120 days of fiscal year end." In fact, Ehee and Compass
14  Management had not prepared audited financial statements for Compass West for the 2004 calendar
15  year by April 30, 2005. As described above, the only "audited financial statements" distributed to an
16  investor were wholly false, and had not in fact been audited.

17               **Allegations Relating to the Relief Defendants**

18     29.    Compass West, Viper Fund, and Viper Investments have received and possess money
19  or other assets through defendants' misrepresentations and have no legitimate claim to them.

20     30.    Since at least January 1, 2006, Ehee and Compass Management have transferred
21  approximately $28,500 to relief defendant Robert Ehee. These transfers of investor funds were not
22  made to further the avowed business purposes of Compass Management or Compass West.

23     31.    Since at least October 1, 2005, Ehee and Compass Management have transferred
24  approximately $20,000 to relief defendant Albert Ehee. These transfers of investor funds were not
25  made to further the avowed business purposes of Compass Management or Compass West.

26     32.    Since at least May 1, 2006, Ehee and Compass Management have transferred
27  approximately $35,000 to relief defendant Jennifer Ehee. These transfers of investor funds were not
28  made to further the avowed business purposes of Compass Management or Compass West.

1                                         **FIRST CLAIM FOR RELIEF**

2                     **(Violations of Section 17(a) of the Securities Act**

3                               **Against All Defendants)**

4       33.     The Commission hereby incorporates paragraphs 1 through 32 by reference.

5       34.     Defendants Ehee, Compass Management, and Viper Management have, by engaging

6 in the conduct set forth above, directly or indirectly, in the offer or sale of securities, by the use of

7 means or instruments of transportation or communication in interstate commerce, or of the mails: (a)

8 with scienter, employed devices, schemes, or artifices to defraud; (b) obtained money or property by

9 means of untrue statements of material fact or by omitting to state material facts necessary in order to

10 make statements made, in the light of the circumstances under which they were made, not

11 misleading; and (c) engaged in transactions, practices, or courses of business which operated or

12 would operate as a fraud or deceit upon the purchasers of such securities.

13       35.     By reason of the foregoing, defendants have directly or indirectly violated Section

14 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and unless enjoined will continue to violate Section

15 17(a) of the Securities Act.

16                                     **SECOND CLAIM FOR RELIEF**

17                     **(Violations of Section 10(b) of the Exchange Act**

18                 **and Rule 10b-5 Thereunder Against All Defendants)**

19       36.     The Commission hereby incorporates Paragraphs 1 through 32 by reference.

20       37.     Defendants Ehee, Compass Management, and Viper Management have, by engaging

21 in the conduct set forth above, directly or indirectly, by use of means or instrumentalities of interstate

22 commerce, or of the mails, or of a facility of a national security exchange, with scienter:  (a)

23 employed devices, schemes, or artifices to defraud; (b) made untrue statements of material fact or

24 omitted to state material facts necessary in order to make the statements made, in light of the

25 circumstances under which they were made, not misleading; and (c) engaged in acts, practices, or

26 courses of business which operated or would operate as a fraud or deceit upon other persons, in

27 connection with the purchase or sale of securities.

28

1    38.    By reason of the foregoing, defendants have directly or indirectly violated Section

2  10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. §§ 240.10b-5] and unless

3  enjoined will continue to violate Section 10(b) of the Exchange Act and Rule 10b-5.

4                              **THIRD CLAIM FOR RELIEF**

5                  **(Violations of Section 206(1) and 206(2) of the Advisers Act**

6                              **Against All Defendants)**

7    39.    The Commission hereby incorporates Paragraphs 1 through 32 by reference.

8    40.    Defendants Ehee, Compass Management, and Viper Management, by engaging in the

9  conduct set forth above, directly or indirectly, through use of the means or instruments of

10  transportation or communication in interstate commerce or of the mails, and while engaged in the

11  business of advising others for compensation as to the advisability of investing in, purchasing, or

12  selling securities: (a) employed devices, schemes, and artifices to defraud; and (b) engaged in acts,

13  practices, or courses of business with operated or would operate as a fraud or deceit upon clients or

14  prospective clients.

15    41.    By reason of the foregoing, Defendants violated Sections 206(1) and 206(2) of the

16  Advisers Act [15 U.S.C. §§ 80b-6(1) and (2)], and unless restrained and enjoined will continue to

17  violate Sections 206(1) and 206(2) of the Advisers Act.

18    42.    Defendant Ehee, by engaging in the conduct set forth above, directly or indirectly,

19  through use of the means or instruments of transportation or communication in interstate commerce

20  or of the mails, knowingly aided and abetted Compass Management and Viper Management in their

21  violations of Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and (2)].

22                              **FOURTH CLAIM FOR RELIEF**

23                  **(Violations of Section 207 of the Advisers Act**

24                              **Against Ehee and Compass Management)**

25    43.    The Commission incorporates paragraphs 1 through 32 by reference.

26    44.    Defendants Compass Management and Ehee, directly or indirectly, willfully made

27  untrue statements of a material fact in a registration application or report filed with the Commission

28  under Section 203 or 204 of the Advisers Act  [15 U.S.C. §§ 80b-3 and 80b-4].

1    45.    By reason of the foregoing, defendants Compass Management and Ehee have directly

2  or indirectly violated Section 207 of the Advisers Act [15 U.S.C. §§ 80b-7], and unless restrained

3  and enjoined will continue to violate Section 207 of the Advisers Act.

4                              **PRAYER FOR RELIEF**

5        WHEREFORE, the Commission respectfully requests that the Court:

6                                         I.

7        Enjoin defendants Ehee, Compass Management, and Viper Management from, directly or

8  indirectly, engaging in conduct in violation of Section 17(a) of the Securities Act [15 U.S.C. §

9  77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17

10  C.F.R. § 240.10b-5], and Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and

11  (2)].

12                                        II

13        Enjoin defendants Compass Management and Ehee from, directly or indirectly, engaging in

14  conduct in violation of Section 207 of the Advisers Act [15 U.S.C. § 80b-7].

15                                        III

16        Order defendants Ehee, Compass Management, and Viper Management to provide an

17  accounting and disgorge their ill-gotten gains in an amount according to proof, plus prejudgment

18  interest thereon.

19                                        IV.

20        Order defendants Ehee, Compass Management, and Viper Management to pay civil money

21  penalties pursuant to Section 20(d)(1) of the Securities Act [15 U.S.C. § 77t(d)(1)], Section 21A of

22  the Exchange Act [15 U.S.C. § 78u-1], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-

23  9(e)].

24                                        V.

25        Order relief defendants Compass West, Viper Fund, Viper Investments, Robert Ehee, Albert

26  Ehee, and Jennifer Ehee to disgorge their ill-gotten gains in an amount according to proof, plus

27  prejudgment interest thereon.

28

COMPLAINT

VI.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

VII.

Grant such other and further relief as this Court may deem just, equitable, and necessary.

Dated: November 7, 2006

Respectfully submitted:

By: _____
Helane L. Morrison
John S. Yun
Robert S. Leach
Xavier Carlos Vasquez

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

1                             **DEMAND FOR JURY TRIAL**

2      The Commission hereby demands a jury trial.

3

4 Dated: November 7, 2006

5                                Respectfully submitted:

6

7                        By: _Xavier Carlos Vasquez_

8                           Helane L. Morrison
                               John S. Yun

9                                  Robert S. Leach
                               Xavier Carlos Vasquez

10

11                        Attorneys for Plaintiff
                       SECURITIES AND EXCHANGE COMMISSION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT B
# (SUMMONS TO COMPLAINT)

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1334 AND 1452

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EDWARD SEWON EHEE, VIPER CAPITAL MANAGEMENT, LLC;
COMPASS FUND MANAGEMENT, LLC, ROBERT EHEE, ALBERT
EHEE, JENNIFER EHEE and DOES 1-20.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEVIN BRADFORD (individually and as trustee for the Mackenzie
Bradford Trust, the Madison Bradford Trust, the Gage Bradford Trust
and the Morgan Bradford Trust) AND RICHARD GARMAN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso)* **C G C - 0 7 - 4 6 2 9 6** 6 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James A. Lico and Eliot A. Adelson, KIRKLAND & ELLIS LLP
555 California Street, Suite 2700, San Francisco, CA 94104, 415-439-1400

| DATE: **MAY 0 1 2007** Gordon Park-li | Clerk, by **Jun Panelo** , Deputy |
|---|---|
| *(Fecha)* | *(Secretario)*           *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.   www.USCourtForms.com |
|---|---|---|

[SEAL]