1   ANDREW K. JACOBSON (CSBN 148583)
    BAY OAK LAW
2   180 Grand Ave Ste 700
    Oakland, California 94612
3   Telephone: (510) 208-5500
    Facsimile:  (510) 208-5511
4
    Counsel for Jennifer Ehee
5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

    KEVIN BRADFORD (INDIVIDUALLY AND AS        Case No. C07-04747 MHP
11  TRUSTEE FOR THE MACKENZIE
    BRADFORD TRUST, THE MADISON               ANSWER TO COMPLAINT BY
12  BRADFORD TRUST, THE GAGE BRADFORD         DEFENDANT JENNIFER EHEE
    TRUST AND THE MORGAN BRADFORD
13  TRUST) AND RICHARD GARMAN,                DEMAND FOR JURY TRIAL

14  PLAINTIFFS,

15  v.

16  EDWARD SEWON EHEE; VIPER CAPITAL
    MANAGEMENT, LLC; COMPASS FUND
17  MANAGEMENT, LLC; ROBERT EHEE;
    ALBERT EHEE; JENNIFER EHEE, AND
18  DOES 1-20,

19  DEFENDANTS.

20

21          Jennifer Ehee hereby answers the Complaint of Kevin Bradford (individually and

22  as trustee for the Mackenzie Bradford Trust, the Madison Bradford Trust, the Gage

23  Bradford Trust and the Morgan Bradford Trust) and Richard Garman as follows:

24          *Plaintiffs allege, on personal knowledge as to themselves, and on the basis of*

25  *information and belief and the investigation of counsel:*

26          *Defendant Edward Sewon Ehee ("Ehee") and his companies Defendants Viper*

-1-
_____
ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE

*Capital Management, LLC and Compass Fund Management, LLC defrauded plaintiffs Richard Garman and Kevin Bradford and misappropriated the monies they entrusted to Ehee's management.  Ehee, through Viper Capital Management LLC and Compass Fund Management LLC, represented that funds entrusted to his management would be invested in securities, according to his "market neutral" strategy.  Ehee represented that his "market neutral" trading strategy would deliver consistently impressive rates of return, and provided Plaintiffs with written representations purporting to show that their accounts were increasing in value.  But in late 2006, when Plaintiffs asked Ehee first for the status of their accounts, and then for their money, Ehee first offered excuses, and then failed to return their funds on demand.  Ehee, instead, had taken plaintiffs' money, used it for personal purposes, transferred it to family members, or used it in an effort to stave off other investors.  Plaintiffs lost some $4 million in Ehee's schemes.*

**Plaintiffs make no claims against Jennifer, and no response is necessary.   If Plaintiffs do make claims against her in this paragraph, Jennifer denies them.**

*I.*    ***THE PARTIES***



*1.    Plaintiff Richard Garman is an individual who is a citizen and resident of California.*

**1.    Plaintiffs make no claims against Jennifer, and no response is necessary.**

*2.    Plaintiff Kevin Bradford is an individual and resident of Arizona.  Plaintiff Bradford is also trustee for investment accounts established for each of his four minor children, Mackenzie, Madison, Gage and Morgan.*

**2.    Plaintiffs make no claims against Jennifer, and no response is necessary.**

1    *3.    Defendant Edward Sewon Ehee is an individual and, upon information*

2    *and belief, a citizen and resident of California.*

3    **3.    Plaintiffs make no claims against Jennifer, and no response is**

4    **necessary.**

5    *4.    Defendant Viper Capital Management, LLC ("Viper") is, upon information*

6    *and belief, a Nevada limited liability company with its principal place of business in*

7    *San Francisco, California.  Ehee is the sole member of Viper.  He controls Viper and his*

8    *acts are attributable to the entity.*

9    **4.    Plaintiffs make no claims against Jennifer, and no response is**

10    **necessary.**

11    *5.    Defendant Compass Fund Management, LLC ("Compass") is, upon*

12    *information and belief, a Nevada limited liability company with its principal place of*

13    *business in San Francisco, California.  Ehee is the sole member of Compass.  He controls*

14    *Compass and his acts are attributable to the entity.*

15    **5.    Plaintiffs make no claims against Jennifer, and no response is**

16    **necessary.**

17    **II.    FACTS**

18    *6.    This action arises out of a investment scam created by Defendant Edward*

19    *Ehee and carried out through Viper Management and Compass Management.  The*

20    *Securities and Exchange Commission has commenced a civil fraud action against Ehee,*

21    *Viper and Compass substantially alleging the scheme used against Plaintiffs here.  A*

22    *copy of the SEC's complaint against Ehee is attached to this Complaint as Exhibit A.*

23    **6.    Plaintiffs make no claims against Jennifer, and no response is**

24    **necessary.**

25    *7.    Ehee raised money from several investors, including Garman and*

26    *Bradford, purportedly for the purpose of investment in one or more of his hedge funds.*

1    *Ehee told Bradford and Garman that the hedge funds would invest in stocks and other*

2    *publicly traded securities.  Plaintiffs are informed and believe, and thereon allege, that*

3    *rather than investing in stock and other securities, Ehee used funds collected from some*

4    *investors to facilitate transfers to other "investors," to convert the money for personal*

5    *use, and to transfer the money to family members.*

6    **7.    Plaintiffs make no claims against Jennifer, and no response is**

7    **necessary.   If Plaintiffs do make claims against her in this paragraph,**

8    **Jennifer denies them.**

9    *8.    Plaintiffs are informed and believe, and thereon allege, that, in order to*

10    *hide this fraud, Ehee created fictitious and flatulent account statements and other*

11    *financial statements reflecting millions of dollars in fund assets that did not exist.  Ehee*

12    *sent investors, including Bradford and Garman, account statements showing positive*

13    *account balances and positive rates of return, even after the funds were defunct, and*

14    *even though their money was not being invested as Edward Ehee, Viper and Compass*

15    *had represented.*

16    **8.    Plaintiffs make no claims against Jennifer, and no response is**

17    **necessary.  If Plaintiffs do make claims against her in this paragraph,**

18    **Jennifer denies them.**

19    **A.  Ehee Creates the Viper Fund**

20    *9.    Ehee opened a private pooled investment fund, a "hedge fund," in 1993.*

21    *That fund, which was first formed as Global Capital Partners, L.P., was renamed Viper*

22    *Founds Fund L.P. in or before June, 2000.*

23    **9.    Plaintiffs make no claims against Jennifer, and no response is**

24    **necessary.  If Plaintiffs do make claims against her in this paragraph,**

25    **Jennifer denies them.**

26    *10.    Under the terms of the Viper Fund limited partnership agreement, the*

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

1   *Viper Fund terminated in 2002 and ceased being a limited partnership under the laws*

2   *of Illinois on December 31, 2002.  The Viper Fund has not held any brokerage accounts*

3   *since at least January 1, 2003.*

4         **10.**    **Plaintiffs make no claims against Jennifer, and no response is**

5   **necessary.   If Plaintiffs do make claims against her in this paragraph,**

6   **Jennifer denies them.**

7         *11.*    *Although the Viper Fund was essentially defunct, Ehee and Viper*

8   *Management did not inform Bradford or Garman that the fund had terminated, nor*

9   *did Ehee or Viper Management return money invested in the in [sic] Viper Fund.*

10        **11.**    **Plaintiffs make no claims against Jennifer, and no response is**

11  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

12  **Jennifer denies them.**

13        *12.*    *Instead, Ehee and Viper Management created false and misleading*

14  *account summaries, giving investors in the Viper Fund and Bradford the impression*

15  *that funds were and remained invested according to Ehee's representations, secure, and*



16  *generating positive returns.  Ehee and Viper continued to issue these false statements as*

17  *late as August 2006, thought he Viper Fund had long since ceased to exist.*

18        **12.**    **Plaintiffs make no claims against Jennifer, and no response is**

19  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

20  **Jennifer denies them.**

21        *13.*    *Today, the Viper Fund holds no bank or brokerage accounts and all the*

22  *money in it has been lost or misappropriated.*

23        **13.**    **Plaintiffs make no claims against Jennifer, and no response is**

24  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

25  **Jennifer denies them.**

26        **B.**    **Ehee Creates the Compass West Fund**

1    *14.    In August 2003, Ehee created another hedge fund, the Compass West*

2    *Fund, LP (or "Compass West").  Ehee told Garman that Compass West was separate*

3    *from the Viper Fund.*

4    **14.    Plaintiffs make no claims against Jennifer, and no response is**

5    **necessary.   If Plaintiffs do make claims against her in this paragraph,**

6    **Jennifer denies them.**

7    *15.    The Compass West offering memorandum stated that the fund would*

8    *employ "market neutral trading" and "systematic equity trading" strategies.  The*

9    *offering memorandum limited the fees the fund would pay: a fee of 1% of assets under*

10    *management per year; certain third party fund administrator fees; fund*

11    *organizational costs and offering expenses; other bona fide fund operational costs; and*

12    *an incentive payment for profits achieved.  Plaintiffs are informed and believe that*

13    *Ehee raised more than $4 million to be invested in this fund.*

14    **15.    Plaintiffs make no claims against Jennifer, and no response is**

15    **necessary.   If Plaintiffs do make claims against her in this paragraph,**

16    **Jennifer denies them.**



17    **C.    Ehee Induces Bradford to Invest in Viper**

18    *16.    Through false and misleading statements, Ehee induced his neighbor,*

19    *plaintiff Bradford, to invest more than $2.5 million in total in the Viper Fund on behalf*

20    *of himself and his children.  Ehee and Viper provided Bradford with documents,*

21    *including a private placement memorandum, and information containing false and*

22    *misleading statements about Viper and Viper's activities.  Among other things, these*

23    *statements purportedly showed the methods by which Viper invested and its historical*

24    *performance.  Defendants made these false and misleading statements to induce*

25    *Bradford to invest in Viper.*

26    **16.    Plaintiffs make no claims against Jennifer, and no response is**

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

1  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

2  **Jennifer denies them.**

3      *17.    Relying on these false representations, Bradford invested with Ehee more*

4  *than $2.1 million for his own account, $132,000 for the account of the Mackenzie*

5  *Bradford Trust, $102,000 for the account of the Madison Bradford Trust, $82,000 for*

6  *the account of the Gage Bradford Trust, and $82,000 for the account of the Morgan*

7  *Bradford Trust.  As of June 30, 2006, Defendant Edward Ehee represented to Plaintiff*

8  *Bradford that there was a capital balance (net of distributions) of $2.331 million in his*

9  *personal accounts ($1,029,000 of which was in his IRA account), $120,121,76 in the*

10 *Mackenzie Bradford Trust, $95,639.35 in the Madison Bradford Trust account,*

11 *$82,844.92 in the Gage Bradford Trust account, and $82,944.92 in the Morgan*

12 *Bradford Trust account.  But when Bradford sought the return of this money in*

13 *November, 2006, an agent of Ehee's told Bradford the money was gone.*

14     **17.    Plaintiffs make no claims against Jennifer, and no response is**

15 **necessary.  If Plaintiffs do make claims against her in this paragraph,**



16 **Jennifer denies them.**

17         **D.    Ehee Induces Garman to Invest in Compass West.**

18     *18.    Through false and misleading statements Defendant Edward Ehee enticed*

19 *Garman to invest $1.5 million in the Compass West Fund.  Defendants Ehee and*

20 *Compass provided Garman with documents, including a private placement*

21 *memorandum, and information that contained false and misleading statements about*

22 *Defendants and Compass West Fund.  Among other things, these statements*

23 *purportedly showed the method by which the Compass West Fund invested and its*

24 *historical performance.  Defendants made these false and misleading statements to*

25 *induce Garman to invest in Compass West Fund.  Relying upon these false and*

26 *misleading statements, Garman invested $500,000 with Ehee in the third quarter of*

1   *2003, and an additional $1 million in October 2004.*

2         **18.    Jennifer denies the allegations of this paragraph.**

3       *19.    Throughout the time that Garman had money invested with Ehee and*

4   *Compass, those defendants provided Garman with false and misleading "statements"*

5   *purportedly showing how well his investments and the Fund were performing.*

6   *Defendants provided Garman with a statement representing that, as of December 31,*

7   *2005, he had a capital account balance of $1.65 million.  Plaintiffs are informed and*

8   *believe, and thereon allege, that contrary to Defendants' representations, Garman's*

9   *investments had been diverted to purposes other than those allowed under the*

10  *investment agreements.*

11        **19.    Jennifer denies the allegations of this paragraph.**

12      *20.    Plaintiffs are informed and believe, and thereon allege, that the money*

13  *that Garman invested in the Compass West Fund was not invested as Ehee and*

14  *Compass represented.  Instead, those Defendants misappropriated the funds for their*

15  *own use.  On November 1, 2006, after repeatedly requesting information regarding the*

16  *current status of his account from Ehee and Compass, Garman requested the return of*

17  *his capital balance.  Ehee, through Compass, refused this request as Compass*

18  *purportedly did not have the funds available to disburse.  Defendants have failed to*

19  *return Garman's account balance and informed Garman not to expect a redemption.*

20        **20.    Jennifer denies the allegations of this paragraph.**

21          **E.    Ehee, Viper, Compass and Ehee's Family Members Are**

22                  **Sued by the SEC**

23      *21.    Shortly thereafter, the SEC filed a civil suit against Ehee and the other*

24  *defendants for their actions related to Viper Management and Compass Management.*

25  *The SEC's complaint alleges that Ehee sent investors account statements falsely*

26  *showing positive investment performance, used money raised from new investors to*

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

1  *pay off old investors (in a classic "Ponzi scheme") and created bogus financial*

2  *statements reflecting millions of dollars in fund assets that did not exist.  The SEC's*

3  *complaint further alleges that Ehee improperly transferred tens of thousands of dollars*

4  *to his family members Robert Ehee, Albert Ehee, and Jennifer Ehee.  The SEC seeks*

5  *disgorgement of the "ill gotten gains" they have obtained from Edward Ehee's scheme.*

6  **21.    Jennifer admits that the SEC filed a civil suit against Ehee and**

7  **other defendants; the SEC complaint speaks for itself.  Jennifer Ehee denies**

8  **any other allegations against her in this paragraph**.

9  <u>FIRST COUNT – Against Edward Ehee, Viper and Compass West</u>

10  (Violation of Cal. Corp. Code § 25400 and 25500 – Unlawful acts or

11  misrepresentations to induce purchase or sale of securities)

12  *22.    Plaintiffs incorporate the allegations contained in paragraphs 1 through*

13  *21, inclusive, as though the same were set forth in full herein.*

14  **22.    Jennifer incorporates her responses to the allegations contained**

15  **in paragraphs 1 through 21, inclusive, as though the same were set forth in**

16  **full herein.**

17  *23.    Defendants sold or offered for sale interests in Viper and Compass West*

18  *investment funds to be managed by Ehee.*

19  **23.    Plaintiffs make no claims against Jennifer, and no response is**

20  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

21  **Jennifer denies them.**

22  *24.    For the purpose of inducing plaintiffs to purchase these securities, Ehee,*

23  *Viper and Compass represented that the monies invested in these funds would be*

24  *maintained in separate and identifiable funds, that those funds would be invested*

25  *employing a market neutral trading strategy, that the investors' monies would be used*

26  *only for investment purposes or to pay specifically identified, legitimate operating*

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

1  *expenses fo the funds, and that plaintiffs would receive account statements accurately*

2  *reflecting their interest in the monies in these funds.  These statements were, at the time*

3  *and in the light of the circumstances under which they were made, false or misleading*

4  *with respect to material facts, or omitted to state material facts necessary in order to*

5  *make the statements made, in the light of the circumstances under which they were*

6  *made, not misleading, and Defendants knew or had reasonable ground t believe were*

7  *so false or misleading.  Edward Ehee, Viper and Compass failed to disclose that: the*

8  *Viper funds had expired by the end of 2002 and did not maintain their own brokerage*

9  *or bank accounts; that Ehee was failing to follow his "market neutral" investment*

10  *strategy; that Ehee was commingling funds invested in Viper and Compass West, as*

11  *well as distributing funds invested in Compass West to Viper investors without the*

12  *knowledge of either; that Ehee was improperly misappropriating funds from Viper and*

13  *Compass West for distribution to himself and to members of his family.*

14  **24.    Plaintiffs make no claims against Jennifer, and no response is**

15  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

16  **Jennifer denies them.**



17  *25.    By reason of the foregoing, Defendants have directly or indirectly violated*

18  *California Corporations Code § 25400 and 25500.*

19  **25.    Plaintiffs make no claims against Jennifer, and no response is**

20  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

21  **Jennifer denies them.**

22  *26.    As a direct and proximate result of Defendants actions, Plaintiffs have*

23  *been damaged.  Garman has suffered money damages of approximately $1.7 million.*

24  *Bradford and his childrens' trusts have suffered money damages of approximately $2.7*

25  *million.*

26  **26.    Plaintiffs make no claims against Jennifer, and no response is**

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

1 **necessary.   If Plaintiffs do make claims against her in this paragraph,**

2 **Jennifer denies them.**

3 <u>SECOND COUNT – Against Edward Ehee, Viper and Compass West</u>

4 (Violation of Cal. Corp. Code § 25401 and 25501 – Sale of securities by means of

5 written or oral communications containing false statements or omissions)

6 *27.    Plaintiffs incorporate the allegations contained in paragraphs 1 through*

7 *26, inclusive, as though the same were set forth in full herein.*

8 **22.    Jennifer incorporates her responses to the allegations contained**

9 **in paragraphs 1 through 26, inclusive, as though the same were set forth in**

10 **full herein.**

11 *28.    Defendants offered or sold a security in California by means of any*

12 *written or oral communication that included an untrue statement of a material fact or*

13 *omitted a material fact necessary in order to make the statements made, in the light of*

14 *the circumstances under which they were made, not misleading.  Defendants*

15 *represented through the private placement memoranda issued by Ehee through Viper*



16 *and Compass that plaintiffs' funds would be used to purchase and sell securities in a*

17 *"market neutral" strategy, and that their account statements would accurately reflect*

18 *the funds in their individual accounts.  This was false; Defendants did not use Plaintiffs'*

19 *funds as represented and instead commingled the funds of various investors and used*

20 *investors' funds for purposed unapproved by the offering memoranda.*

21 **28.    Plaintiffs make no claims against Jennifer, and no response is**

22 **necessary.   If Plaintiffs do make claims against her in this paragraph,**

23 **Jennifer denies them.**

24 *29.    In reliance upon Defendants false statements or material omissions,*

25 *Bradford and Garman agreed to invest funds in Viper Fund and Compass West Fund*

26 *as stated above.*

1    **29.    Plaintiffs make no claims against Jennifer, and no response is**
2    **necessary.   If Plaintiffs do make claims against her in this paragraph,**
3    **Jennifer denies them.**

4    *30.    By reason of the foregoing, Defendants have directly or indirectly violated*
5    *California Corporations Code § 25401 and 25501.*

6    **30.    Plaintiffs make no claims against Jennifer, and no response is**
7    **necessary.   If Plaintiffs do make claims against her in this paragraph,**
8    **Jennifer denies them.**

9    *31.    As a direct and proximate result of Defendants actions, Plaintiffs have*
10    *been damaged.  Garman has suffered money damages of approximately $1.7 million.*
11    *Bradford and his childrens' trusts have suffered money damages of approximately $2.7*
12    *million.*

13    **31.    Plaintiffs make no claims against Jennifer, and no response is**
14    **necessary.   If Plaintiffs do make claims against her in this paragraph,**
15    **Jennifer denies them.**

16    <u>THIRD COUNT – Against Defendants Viper and Compass West</u>
17    (Breach of Written Contract)

18    *32.    Plaintiffs incorporate the allegations contained in paragraphs 1 through*
19    *31, inclusive, as though the same were set forth in full herein.*

20    **22.    Jennifer incorporates her responses to the allegations contained**
21    **in paragraphs 1 through 31, inclusive, as though the same were set forth in**
22    **full herein.**

23    *33.    Garman and Compass Fund Management, LLC were and are parties to a*
24    *Subscription Agreement, pursuant to which Garman delivered funds to Compass in*
25    *exchange for investment services as represented in the Compass Subscription*
26    *Agreement.  Bradford and Viper were and are parties to a Subscription Agreement,*

ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE

1   *pursuant to which Bradford delivered funds to Compass in exchange for investment*

2   *services as represented in the Viper Subscription Agreement.*

3   **33.   Plaintiffs make no claims against Jennifer, and no response is**

4   **necessary.   If Plaintiffs do make claims against her in this paragraph,**

5   **Jennifer denies them.**

6   *34.   Garman invested $1.5 million with Defendants in Compass pursuant to,*

7   *among other things, the Compass Subscription Agreement.  Bradford invested $2.5*

8   *million in Viper pursuant to, among other things, the Viper Subscription Agreement.*

9   **34.   Plaintiffs make no claims against Jennifer, and no response is**

10  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

11  **Jennifer denies them.**

12  *35.   Compass and Viper have materially breached their contractual*

13  *obligations with Garman and Bradford by, among other things, failing to invest their*

14  *funds as represented and failing to return the monies paid by Plaintffs to Defendants*

15  *upon Plaintiffs' demand.*

16  **35.   Plaintiffs make no claims against Jennifer, and no response is**

17  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

18  **Jennifer denies them.**

19  *36.   Plaintiffs have fully performed their obligations under their respective*

20  *Subscription Agreements.*

21  **36.   Plaintiffs make no claims against Jennifer, and no response is**

22  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

23  **Jennifer denies them.**

24  *37.   As a direct and proximate cause [sic] of Defendants' breaches, Garman*

25  *has sustained damages of approximately $1.7 million, and Bradford and his childrens'*

26  *trusts have sustained damages of approximately $2.7 million.*

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

1    **37.    Plaintiffs make no claims against Jennifer, and no response is**

2    **necessary.    If Plaintiffs do make claims against her in this paragraph,**

3    **Jennifer denies them.**

4                          FOURTH COUNT – Against All Defendants

5                                (Unjust Enrichment)

6        *38.    Plaintiffs incorporate the allegations contained in paragraphs 1 through*

7    *38, inclusive, as though the same were set forth in full herein.*

8    **38.    Jennifer incorporates her responses to the allegations contained**

9    **in paragraphs 1 through 38, inclusive, as though the same were set forth in**

10   **full herein.**

11       *39.    Plaintiffs provided funds to Defendants for the purpose of investing for*

12   *their benefit.  Instead of investing such funds, Defendants misappropriated the funds*

13   *for other uses.*

14   **39.    Jennifer denies the allegations of this paragraph.**

15       *40.    Defendants have received and continued to receive the benefit of Plaintiffs'*

16   *monies by failing to return monies due and owing to Plaintiffs and/or have failed to*

17   *perform their contractual obligations to Plaintiffs to the detriment of Plaintiffs.*

18   **40.    Jennifer denies the allegations of this paragraph.**

19       *41.    Plaintiffs have made demand on Defendants for return of the monies*

20   *entrusted to Defendants.*

21   **41.    Jennifer denies the allegations of this paragraph.**

22       *42.    Despite this demand, Plaintiffs have not received the monies that are*

23   *rightfully owed and due to Plaintiffs.*

24   **42.    Jennifer denies the allegations of this paragraph.**

25       *43.    By virtue of the defendants failure and refusal to return the monies due,*

26   *Defendants unjustly retain the monies and benefits deriving therefrom, against*

1   *fundamental principles of equity and justice.*

2   **43.    Jennifer denies the allegations of this paragraph.**

3   <u>FIFTH COUNT – Against Edward Ehee, Viper and Compass West</u>

4   (Breach of Fiduciary Duty)

5   *44.    Plaintiffs incorporate the allegations contained in paragraphs 1 through*

6   *43, inclusive, as though the same were set forth in full herein.*

7   **44.    Jennifer incorporates her responses to the allegations contained**

8   **in paragraphs 1 through 43, inclusive, as though the same were set forth in**

9   **full herein.**

10  *45.    Through his control over the Viper Fund and the Compass West Fund,*

11  *Edward Ehee held himself out as being responsible for directing, managing and*

12  *controlling Bradford's investments in the Viper Funds and Garman's investments in the*

13  *Compass West Fund.  Bradford and Garman agreed to give Defendants authority,*

14  *power, and discretion to manage their investments, to make all decisions regarding*

15  *those matters, and to perform any and all other activities customary or incident to the*

16  *prudent management of those investments.*

17  **45.    Plaintiffs make no claims against Jennifer, and no response is**

18  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

19  **Jennifer denies them.**

20  *46.    As a result, Defendants assumed a position of trust and confidence with*

21  *respect to Bradford and Garman and owed each of them a duty of care and loyalty in*

22  *faithfully managing their investments.*

23  **46.    Plaintiffs make no claims against Jennifer, and no response is**

24  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

25  **Jennifer denies them.**

26  *47.    Plaintiffs reasonably relied upon Defendants to perform their managerial*

1  *duties in good faith, in a manner they reasonably believed to be in the best interests of*

2  *investors in the Viper and Compass West Funds, and with such care as an ordinary*

3  *prudent investment manager would use under similar circumstances.*

4  **47.    Plaintiffs make no claims against Jennifer, and no response is**

5  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

6  **Jennifer denies them.**

7  *48.    Defendants breached their fiduciary duties by failing to manage and*

8  *invest the funds as represented, failing to return the funds to plaintiffs upon demand,*

9  *and to the extent Defendants have redirected, dissipated, removed or other4wise lost*

10  *some or all of Plaintiffs' investment by unlawfully converting and misappropriating*

11  *Plaintiffs' investments.*

12  **48.    Plaintiffs make no claims against Jennifer, and no response is**

13  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

14  **Jennifer denies them.**



15  *49.    Plaintiffs are informed and believed and thereon allege that the*

16  *aforementioned conduct by Defendants was done with a conscious disregard of their*

17  *rights or with the intent to injure them, such as to constitute oppression, fraud or*

18  *malice.  Such conduct entitles Bradford and Garman to exemplary and punitive*

19  *damages in an amount appropriate to punish or set an example of Defendants and to*

20  *deter such conduct in the future, the amount of which will be proved at trial.*

21  **49.    Plaintiffs make no claims against Jennifer, and no response is**

22  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

23  **Jennifer denies them.**

24  *50.    As a direct and proximate result of Defendants' breaches of fiduciary*

25  *duty, Bradford and Garman have been deprived of the benefit, and as a result, suffered*

26  *and continues to suffer damages and other harm in excess of $1.7 million and $2.7*

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

1   *million, respectively.*

2       **50.    Plaintiffs make no claims against Jennifer, and no response is**

3   **necessary.   If Plaintiffs do make claims against her in this paragraph,**

4   **Jennifer denies them.**

5               SIXTH COUNT- Against Edward Ehee, Viper and Compass

6                           (Fraud and Deceit)

7       *51.    Plaintiffs incorporate by reference the allegations continued in*

8   *paragraphs 1 through 50, inclusive, as though the same were set forth in full herein.*

9       **51.    Jennifer incorporates her responses to the allegations contained**

10  **in paragraphs 1 through 50, inclusive, as though the same were set forth in**

11  **full herein.**

12      52.    Defendants knowingly and intentionally misrepresented material facts, and

13  intentionally failed to disclose its unlawful actions in connection with Plaintiffs'

14  investments in the Viper and Compass funds, as detailed above, and incorporated here by

15  reference.

16      **52.    Plaintiffs make no claims against Jennifer, and no response is**

17  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

18  **Jennifer denies them.**

19      *53.    Defendants' conduct was knowing, intentional, willful and malicious.*

20      **53.    Plaintiffs make no claims against Jennifer, and no response is**

21  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

22  **Jennifer denies them.**

23      *54.    Defendants knew at the time they made these misrepresentations that*

24  *their representations to Plaintiffs were false or misleading, and/or were in reckless*

25  *disregard as to their truth or falsity.*

26      **54.    Plaintiffs make no claims against Jennifer, and no response is**

ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE

1  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

2  **Jennifer denies them.**

3       *55.     Defendants made these misrepresentations and omissions intending that*

4  *Plaintiffs would rely upon them in connection with making Plaintiffs' investments in the*

5  *Viper and Compass Funds.*

6       **55.     Plaintiffs make no claims against Jennifer, and no response is**

7  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

8  **Jennifer denies them.**

9       *56.     Plaintiffs reasonably believed and justifiably relied upon Defendants' false*

10 *statements, and acted upon them to their detriment by delivering funds to defendants*

11 *to be invested and represented.*

12      **56.     Plaintiffs make no claims against Jennifer, and no response is**

13 **necessary.   If Plaintiffs do make claims against her in this paragraph,**

14 **Jennifer denies them.**

15      *57.     As a direct and proximate result of Defendants' fraudulent*

16 *misrepresentations and omissions, Plaintiffs have sustained damages of approximately*

17 *$4.4 million.*

18      **57.     Plaintiffs make no claims against Jennifer, and no response is**

19 **necessary.   If Plaintiffs do make claims against her in this paragraph,**

20 **Jennifer denies them.**

21      *58.     Plaintiffs are informed and believe and based thereon allege that the*

22 *aforementioned conduct by Defendants was done with a conscious disregard for*

23 *Plaintiffs' rights or with the intent to injure them, such as to constitute oppression,*

24 *fraud or malice. Such conduct entitles Plaintiffs to exemplary and punitive damages in*

25 *an amount appropriate to punish or set an example of Defendants and to deter such*

26 *conduct in the future, the amount of which will be proved at trial.*

**58.    Plaintiffs make no claims against Jennifer, and no response is necessary.   If Plaintiffs do make claims against her in this paragraph, Jennifer denies them.**

SEVENTH COUNT- Against Edward Ehee, Viper and Compass West

(Negligent Misrepresentation)

*59.    Plaintiffs incorporate by reference the allegations continued in paragraphs 1 through 58, inclusive, as though the same were set forth in full herein.*

**59.    Jennifer incorporates her responses to the allegations contained in paragraphs 1 through 58, inclusive, as though the same were set forth in full herein.**

*60.    Through the acts and omissions described above, Defendants, in the course of their business, misrepresented material facts and failed to disclose their unlawful action in connection with Plaintiffs' investments, as detailed above and incorporated here by reference.*



**60.    Plaintiffs make no claims against Jennifer, and no response is necessary.   If Plaintiffs do make claims against her in this paragraph, Jennifer denies them.**

*61.    Defendants knew or should have known that their representations to plaintiffs were materially false and misleading and failed to exercise reasonable care to competence in obtaining or communicating the information conveyed to plaintiffs and Bradford.*

**61.    Plaintiffs make no claims against Jennifer, and no response is necessary.   If Plaintiffs do make claims against her in this paragraph, Jennifer denies them.**

*62.    Plaintiffs reasonable and justifiably relied upon Defendants' misrep-resentations and invested more than $3.9 million with Defendants, which Defendants*

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

1 | *represented had grown, net of distributions, to approximately $4.4 million by 2006.*

2 | **62.    Plaintiffs make no claims against Jennifer, and no response is**

3 | **necessary.   If Plaintiffs do make claims against her in this paragraph,**

4 | **Jennifer denies them.**

5 | *63.    As a direct and proximate result of Defendants' negligent*

6 | *misrepresentations, Plaintiffs have sustained actual damages in excess of $ 4.4 million.*

7 | **63.    Plaintiffs make no claims against Jennifer, and no response is**

8 | **necessary.   If Plaintiffs do make claims against her in this paragraph,**

9 | **Jennifer denies them.**

10 | <u>EIGHTH COUNT- Against All Defendants</u>

11 | (Conspiracy)

12 | *64.    Plaintiffs incorporate the allegations contained in paragraphs 1 through*

13 | *63, inclusive, as though the same were set forth in full herein.*

14 | **64.    Jennifer incorporates her responses to the allegations contained**

15 | **in paragraphs 1 through 63, inclusive, as though the same were set forth in**

16 | **full herein.**

17 | *65.    Defendants willfully, knowingly and intentionally participated in a*

18 | *scheme or conspiracy, and/or aided and abetted fraud in that they misrepresented*

19 | *material facts, and intentionally failed to disclose their unlawful actions in connection*

20 | *with Bradford's and Garman's investments, as detailed above, and incorporated herein*

21 | *by reference.*

22 | **65.    Jennifer denies the allegations of this paragraph.**

23 | *66.    Defendants conspired to make such material representations and/or*

24 | *omissions to Bradford and Garman with the intent to defraud Plaintiffs and deprive*

25 | *them of their investments.*

26 | **66.    Jennifer denies the allegations of this paragraph.**

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

67.     *Defendants have conspired with a common purpose to defraud plaintiffs of the funds they invested in Compass and Viper, to make material and knowing misrepresentations and/or omissions, and to unlawfully convert and misappropriate monies belonging to Plaintiffs.*

**67.     Jennifer denies the allegations of this paragraph.**

68.     *Defendants have conspired together to unlawfully control, manage, convert and misappropriate Plaintiffs' investment funds.*

**68.     Jennifer denies the allegations of this paragraph.**

69.     *As a direct and proximate result of Defendants' conspiracy to commit fraud and convert and misappropriate Plaintiffs' monies for their use, Plaintiffs' have sustained actual damages of approximately $4.4 million.*

**69.     Jennifer denies the allegations of this paragraph.**

70.     *Plaintiffs are informed and believe and thereon allege that the aforementioned conduct by Defendants was done with a conscious disregard for their rights or with the intent to injure them, such as to constitute oppression, fraud or malice. Such conduct entitles Plaintiffs to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants and to deter such conduct in the future, the amount of which will be proved at trial.*

**70.     Jennifer denies the allegations of this paragraph.**

NINTH COUNT- Against All Defendants

(Conversion)

71.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 70, inclusive, as though the same were set forth in full herein.

**71.     Jennifer incorporates her responses to the allegations contained in paragraphs 1 through 70, inclusive, as though the same were set forth in full herein.**

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

1      *72.    Defendants Edward Ehee, Viper and Compass West were entrusted with*

2  *substantial monies of Bradford and Garman for the purpose of investment in the Viper*

3  *and Compass West Funds.*

4      **72.    Jennifer denies the allegations of this paragraph.**

5      *73.    Bradford and Garman have an ownership or possessory interest in these*

6  *sums, and Defendants, by failing to return to those amounts upon demand, have*

7  *intentionally and wrongfully exercised dominion and control over these monies and*

8  *deprived Bradford and Garman of their control, dominion and ownership of these*

9  *monies.*

10     **73.    Jennifer denies the allegations of this paragraph.**

11     *74.    Bradford and Garman have a right to recover immediate possession of all*

12  *converted sums from Defendants, jointly and severally, or from any other person who*

13  *claims possession thereof.*

14     **74.    Jennifer denies the allegations of this paragraph.**

15     *75.    Defendant Edward Ehee, Viper and Compass West, acting in concert, took*



16  *such actions in an intentional and outrageous manner intended to exploit Bradford's*

17  *and Garman's trust in them.*

18     **75.    Jennifer denies the allegations of this paragraph.**

19     *76.    As a direct and proximate cause of these conversations, Plaintiffs have*

20  *suffered damages in the amounts converted.*

21     **76.    Jennifer denies the allegations of this paragraph.**

22     *77.    Plaintiffs are informed and believe and thereon allege that the*

23  *aforementioned conduct by Defendants was done with a conscious disregard for their*

24  *rights or with the intent to injure them, such as to constitute oppression, fraud or*

25  *malice. Such conduct entitles Plaintiffs to an award of exemplary and punitive damages*

26  *in an amount appropriate to punish or set an example of Defendants and to deter such*

1    *conduct in the future, the amount of which will be provided at trial.*

2    **77.    Jennifer denies the allegations of this paragraph.**

3    <u>TENTH COUNT- Against All Defendants)</u>

4    (Fraudulent Conveyance under the UFTA, Cal. Civ. Code § 3439.04)

5    *78.    Plaintiffs incorporate by reference the allegations contained in*

6    *paragraphs 1 through 77, inclusive, as though the same were set forth in full herein.*

7    **78.    Jennifer incorporates her responses to the allegations contained**

8    **in paragraphs 1 through 77, inclusive, as though the same were set forth in**

9    **full herein.**

10    *79.    The Defendant Edward Ehee transferred funds of Viper and Compass to*

11    *Defendants Albert, Robert and Jennifer Ehee with the actual intent to hinder, delay, or*

12    *defraud the creditors of Viper and Compass. Defendants made these transfers to or for*

13    *their personal benefit in furtherance of their fraudulent investment scheme.*

14    **79.    Jennifer denies the allegations of this paragraph.**

15    *80.    The transfers were not made in exchange for reasonably equivalent value*

16    *an in bad faith. Plaintiffs are informed an believe, and thereon allege, that some of the*

17    *recipients had knowledge of the fraud or acted in bad faith in receiving the funds*

18    *transferred.*

19    **80.    Jennifer denies the allegations of this paragraph.**

20    81.    As a result of the foregoing, Plaintiffs are entitled to a judgment pursuant to

21    Cal. Civ. Code §§ 3439.04 and 3439.07 (a) avoiding the transfers, (b) directing that they

22    be set aside, (c) recovering such transfers from the Defendants to the extent necessary to

23    satisfy Plaintiffs' claims, or (d) recovering the transfers to distribute, pro rata, the

24    recovered sums to all defrauded investors.

25    **81.    Jennifer denies the allegations of this paragraph.**

26

1    ELEVENTH COUNT- Against All Defendants

2    (Constructive Fraudulent Conveyance under the UFTA, Cal. Civ.Code § 3439.04)

3    *82.    Plaintiffs incorporate by reference the allegations contained in*

4    *paragraphs 1 through 81, inclusive, as though the same were set forth in full herein.*

5    **82.    Jennifer incorporates her responses to the allegations contained**

6    **in paragraphs 1 through 81, inclusive, as though the same were set forth in**

7    **full herein.**

8    *83.    At the time Edward Ehee made transfers of funds to Defendants Albert,*

9    *Robert and Jennifer Ehee, Defendants Viper and Compass were insolvent,*

10   *undercapitalized or nearly insolvent, or intended to incur, or reasonably should have*

11   *believed that they would incur, debts beyond their ability to pay as the debts matured.*

12   **83.    Jennifer denies the allegations of this paragraph.**

13   *84.    These transfers were not made in exchange for reasonably equivalent*

14   *value and were not made in good faith.*



15   **84.    Jennifer denies the allegations of this paragraph.**

16   *85.    As a result of the foregoing, Plaintiffs are entitled to a judgment pursuant*

17   *to Cal. Civ. Code 3439.04 and 3439.07(a) avoiding the transfers, (b) directing that the*

18   *transfers be set aside, (c) recovering such transfers from the Defendants to the extent*

19   *necessary to satisfy Plaintiffs' claims, or (d) recovering such transfers to distribute, pro*

20   *rata, the recovered sums to all defrauded investors.*

21   **85.    Jennifer denies the allegations of this paragraph.**

22   TWELFTH COUNT

23   (Constructive Fraudulent Conveyance under the UFTA, Cal. Civ. Code § 3439.05)

24   *86.    Plaintiffs incorporate by reference the allegations contained in*

25   *paragraphs 1 through 85, inclusive, as though the same were set forth in full herein.*

26   **86.    Jennifer incorporates her responses to the allegations contained**

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

1  **in paragraphs 1 through 85, inclusive, as though the same were set forth in**
2  **full herein.**

3      *87.    The Defendant Edward Ehee transferred funds of Viper and Compass to*
4  *Defendants Albert, Robert and Jennifer Ehee with the actual intent to hinder, delay, or*
5  *defraud the creditors of Viper and Compass. Defendants made these transfers to or for*
6  *their personal benefit in furtherance of their fraudulent investment scheme.*

7      **87.    Jennifer denies the allegations of this paragraph.**

8      *88.    These transfers were not made in exchange for reasonably equivalent*
9  *value and were not made in good faith.*

10      **88.    Jennifer denies the allegations of this paragraph.**

11      *89.    As a result of the foregoing, Plaintiffs are entitled to a judgment pursuant*
12  *to cal. Civ. Code 3439.05 and 3439.07 (a) avoiding the transfers, (b) directing that the*
13  *transfers be set aside, (c) recovering such transfers from the Defendant sot the extent*
14  *necessary to satisfy Plaintiffs' claims, and/or (d) under the Court's equitable powers,*
15  *recovering such transfers to fairly distribute, pro rata, the recovered transfers to all*
16  *defrauded investors.*



17      **89.    Jennifer denies the allegations of this paragraph.**

18      THIRTEENTH COUNT- Against Edward Ehee, Viper, and Compass West

19              (Violation of Cal. Bus. & Prof. Code § 17200 et seq.)

20      *90.    Plaintiffs incorporate the allegations of paragraphs 1 through 89,*
21  *inclusive, as though set forth in full herein.*

22      **90.    Jennifer incorporates her responses to the allegations contained**
23  **in paragraphs 1 through 89, inclusive, as though the same were set forth in**
24  **full herein.**

25      *91.    At all relevant times, Defendants were engaged in the conduct of trade or*
26  *commerce within the meaning of Cal. Bus. & Prof. Code 17200, et seq.*

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

1    **91.    Plaintiffs make no claims against Jennifer, and no response is**
2    **necessary.   If Plaintiffs do make claims against her in this paragraph,**
3    **Jennifer denies them.**

4    *92.    As set forth above, Defendants converted Plaintiffs' funds for their own*
5    *use, provided false and misleading information concerning the funds, or have*
6    *otherwise redirected, dissipated, removed or lost Plaintiffs' funds in breach of the*
7    *representations made to Bradford and Garman and the position of trust defendants*
8    *undertook with respect to the monies entrusted to them.*

9    **92.    Plaintiffs make no claims against Jennifer, and no response is**
10   **necessary.   If Plaintiffs do make claims against her in this paragraph,**
11   **Jennifer denies them.**

12   *93.    Defendants' conduct is immoral, unethical, oppressive, fraudulent and*
13   *unscrupulous, and offended public policy and established concepts of fairness thereby*
14   *constituting unlawful, unfair and fraudulent business acts.*

15   **93.    Plaintiffs make no claims against Jennifer, and no response is**
16   **necessary.   If Plaintiffs do make claims against her in this paragraph,**
17   **Jennifer denies them.**

18   *94.    As a result of Defendants' conduct, Plaintiffs have sustained substantial*
19   *injury and ascertainable loss of money to be proved at trial. Plaintiffs, pursuant to Cal.*
20   *Bus. & Prof. Code 17203, et seq., seek an order of this Court compelling Defendants to*
21   *provide restitution and to disgorge the monies collected by Defendants as a result of*
22   *their unfair business practices in the sum of not less than $4.4 million, and of punitive*
23   *damages and injunctive relief calling on Defendants to cease such unfair and*
24   *fraudulent business practices in the future.*

25   **94.    Plaintiffs make no claims against Jennifer, and no response is**
26   **necessary.   If Plaintiffs do make claims against her in this paragraph,**

**Jennifer denies them.**

FOURTEENTH COUNT- Against Edward Ehee, Viper and Compass West

(Constructive Trust)

*95.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 94, inclusive, as though the same were set forth in full herein.*

**95.    Jennifer incorporates her responses to the allegations contained in paragraphs 1 through 94, inclusive, as though the same were set forth in full herein.**

*96.    Defendants were entrusted with substantial monies invested by Plaintiffs for the purpose of investing in the Viper and Compass West Funds.*

**96.    Plaintiffs make no claims against Jennifer, and no response is necessary.   If Plaintiffs do make claims against her in this paragraph, Jennifer denies them.**

*97.    By virtue of Defendants wrongful acts, they hold the converted funds, in the amount of at least $3.9 million in constructive trust for the benefit of Plaintiffs.*

**97.    Plaintiffs make no claims against Jennifer, and no response is necessary.   If Plaintiffs do make claims against her in this paragraph, Jennifer denies them.**

FIFTEENTH COUNT- Against Edward Ehee, Viper and Compass West

(Common Count for Money Had and Received)

*98.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 97, inclusive, as though the same were set forth in full herein.*

**98.    Jennifer incorporates her responses to the allegations contained in paragraphs 1 through 97, inclusive, as though the same were set forth in full herein.**

1    99.    *Defendants were entrusted with the net sum of $3.2 million by Plaintiffs*
2    *for the purpose of investing in the Viper and Compass West Funds.*

3    **99.    Plaintiffs make no claims against Jennifer, and no response is**
4    **necessary.   If Plaintiffs do make claims against her in this paragraph,**
5    **Jennifer denies them.**

6    100.    *Defendants failed to invest the Plaintiffs' funds as represented.*

7    **100.    Plaintiffs make no claims against Jennifer, and no response is**
8    **necessary.   If Plaintiffs do make claims against her in this paragraph,**
9    **Jennifer denies them.**

10    101.    *Plaintiffs demanded return of the $3.2 million had and received by*
11    *Defendants.*

12    **101.    Plaintiffs make no claims against Jennifer, and no response is**
13    **necessary.   If Plaintiffs do make claims against her in this paragraph,**
14    **Jennifer denies them.**

15    102.    *Defendants have failed to return the $3.2 million as demanded.*

16    **102.    Plaintiffs make no claims against Jennifer, and no response is**
17    **necessary.   If Plaintiffs do make claims against her in this paragraph,**
18    **Jennifer denies them.**

19    <u>SIXTEENTH COUNT- Against Edward Ehee, Viper and Compass West</u>
20    (Common Count for Account Stated)

21    103.    *Plaintiffs incorporate by reference the allegations contained in*
22    *paragraphs 1 through 102, inclusive, as though the same were set forth in full herein.*

23    **103.    Jennifer incorporates her responses to the allegations contained**
24    **in paragraphs 1 through 102, inclusive, as though the same were set forth in**
25    **full herein.**

26    104.    *Defendants sent Plaintiffs regular statements of account stating the*

1  *amounts of money held for their benefit in each amount.*

2  **104.   Plaintiffs make no claims against Jennifer, and no response is**

3  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

4  **Jennifer denies them.**

5  *105.   Defendants Ehee and Viper represented to Bradford that as of June 30,*

6  *2006 there was a capital balance (net of distributions) of more than $2.7 million in the*

7  *Bradford accounts, with $2.331 million in the personal account of Kevin Bradford*

8  *($1,029.000 of which in his IRA account), $120,121.76 in the Mackenzie Bradford Trust,*

9  *$95,639.35 in the Madison Bradford Trust account, $82,844.92 in the Gage Bradford*

10  *Trust account, and $ 82,844.92 in the Morgan Bradford Trust account.*

11  **105.   Plaintiffs make no claims against Jennifer, and no response is**

12  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

13  **Jennifer denies them.**

14  *106.   Defendants Ehee and Compass represented to Garman that as of*

15  *December 31, 2005 there was a capital balance of $1,650,422 in Garman's account.*

16  **106.   Plaintiffs make no claims against Jennifer, and no response is**

17  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

18  **Jennifer denies them.**

19  *107.   Plaintiffs demanded return of the amounts stated on the account*

20  *statements provided by Defendants, totaling $4,362,872.95.*

21  **107.   Plaintiffs make no claims against Jennifer, and no response is**

22  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

23  **Jennifer denies them.**

24  *108.   Defendants failed to return the amounts as demanded.*

25  **108.   Plaintiffs make no claims against Jennifer, and no response is**

26  **necessary.   If Plaintiffs do make claims against her in this paragraph,**

ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE

1   **Jennifer denies them.**

2   <u>**AFFIRMATIVE DEFENSES**</u>

3       1.      Jennifer Ehee alleges that plaintiffs are barred from any relief because of

4   their own unclean hands.

5       2.      Jennifer Ehee alleges that various statutes of limitation bar plaintiff from

6   relief.

7       3.      Jennifer Ehee alleges that plaintiffs are barred from relief pursuant to the

8   doctrine of laches.

9       4.      Jennifer Ehee alleges that plaintiffs are barred from relief because their

10  claims fail to state a claim for which relief may be granted.

11      5.      Jennifer Ehee alleges that plaintiffs are barred from recovery because they

12  have failed to join indispensable individuals or entities necessary for a full adjudication of

13  this matter.

14      6.      Jennifer Ehee alleges that plaintiffs are barred from recovery because they

15  have failed to mitigate damages.



16      7.      Jennifer Ehee alleges that plaintiffs are barred from recovery because of

17  plaintiff's own inequitable conduct.

18      8.      Jennifer Ehee alleges that plaintiffs are barred from recovery because of its

19  own intervening wrongful conduct.

20                              <u>**PRAYER**</u>

21      WHEREFORE, Defendant Jennifer Ehee prays that this court:

22      1.      Grant judgment in her favor, against plaintiffs;

23      2.      That plaintiffs takes nothing by way of their complaint;

24      3.      That Defendant Jennifer Ehee be awarded her reasonable costs and

25  attorneys' fees, to the extent allowable by law; and

26      4.      For such other relief as the court deems just.

## DEMAND FOR JURY TRIAL

Defendant Jennifer Ehee hereby demands a jury trial for those claims against her that may be tried by a jury.

Date: September 21, 2007              **BAY OAK LAW FIRM, APLC**


By:_____
   ANDREW K. JACOBSON
   Counsel for Defendant Jennifer Ehee

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

***Bradford v. Ehee***
**Case No. C07-04747 MHP**

<u>**PROOF OF SERVICE**</u>

I, Andrew K. Jacobson, declare that I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action. My business address is at the offices of Bay Oak Law, 180 Grand Ave, Ste 700, Oakland, CA 94612-3763.

On the date set forth below, I served the following documents:

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**

**DEMAND FOR JURY TRIAL**

[ x ]   **(BY MAIL)**  By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing on that date following ordinary business practices, in the United States Mail at the offices of Bay Oak Law, Oakland, CA, addressed as shown below. I am readily familiar with this business 's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

[  ]   **(BY HAND-DELIVERY)**  By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the address(es) shown below.

[  ]   **(BY OVERNIGHT DELIVERY)**  By placing a true copy thereof, enclosed in a sealed envelope, with  delivery charged to be billed to Bay Oak Law to be delivered by Federal Express, to the address(es) shown below.

[  ]   **(BY FACSIMILE TRANSMISSION)**  By causing to be transmitted a true copy thereof by facsimile transmission from facsimile number (510) 208-5511 to the interested parties to said action at the facsimile number(s) shown below.

James Lico
Kirkland & Ellis LLP
555 California St
San Francisco CA 94104

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Proof of Service was executed on September 21, 2007 in Oakland, California.

_____
Andrew K Jacobson

**ANSWER TO COMPLAINT BY DEFENDANT JENNIFER EHEE**